IN THE DISTRICT COURT FOR CARTER COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
APR 2 2 2014
KAREN VOLINO, Court Clerk for Carter County, Oklahoma

TIM HAMON, )
           Plaintiff, )
)
vs. ) Case No. CJ-2014-44
)
FARMERS INSURANCE COMPANY, INC., )
)
           Defendant. )

## AMENDED PETITION

**COMES NOW** the Plaintiff, Tim Hamon, and for his cause of action against the Defendants, Farmers Insurance Company, Inc. and J.D. Powers and Associates and Mitchell International, states as follows:

### A. Parties

1.     Plaintiff Tim Hamon ("Hamon" or "Plaintiff") is an adult citizen of the State of Oklahoma residing in this State. Plaintiff brings this action in his individual capacity.

2.     Defendant Farmers Insurance Company, Inc. (Farmers Insurance) is a mutual insurance corporation organized under the laws of Kansas and engaged in the business of insurance in the State of Oklahoma.

3.     "J.D. Powers and Associates and Mitchell International" refers to J.D.P. and M is a foreign corporation that provides purported valuations of the fair retail value of automobiles to Farmers Insurance.

4.     Farmers Insurance has adopted the uniform practice in this State of paying total loss automobile damage claims based upon J.D.P. and M's valuations.

1

EXHIBIT 2

5.    Plaintiff expressly states that he seeks an award of actual damages in excess of $75,000.00 and punitive damages pursuant to 23 O.S. §9.1 in such sum as the jury determines to be just, lawful and fair.

### B. Factual Allegations

6.    **The Farmers Insurance Policy and the Accident.** Plaintiff insured his 2004 Chevrolet Silverado K2500 Diesel 4x4 Ext Pickup, VIN# 1GCHK29124E158238, with the Defendant pursuant to the terms of Policy # 192342412 which provided total loss coverage.

7.    On November 27, 2013, Plaintiff's vehicle became a total loss and pursuant to the terms of the policy, Plaintiff requested that the Defendant pay him the actual cost to purchase a comparable vehicle less the deductible. Following the accident, Farmers Insurance determined that Plaintiff's vehicle was a total loss. The Plaintiff's policy provides that Farmers Insurance shall pay the actual cash value of the loss when the vehicle is declared to be a "total loss." This provision obligates Farmers Insurance to pay the fair retail value of the insured vehicle prior to the loss, subject to the applicable deductible.

8.    There are recognized and generally accepted reference materials regularly used in the automobile and automobile finance industries to establish the fair retail value of automobiles, including publications of the National Automobile Dealers Association ("NADA"), Kelly Blue Book, and similar publications (i.e., the "Redbook") regularly utilized by banks and other financial institutions in establishing the value of vehicles in connection with automobile loans.

9.    **The Farmers Insurance Policy:** Plaintiff's Farmers Insurance Policy also obligates Farmers Insurance to use a valuation system that presents a fair and representative

retail value of total loss vehicles to Oklahoma insureds. This duty is a term expressly and/or impliedly arising under the contract itself.

10. Under the policy, Farmers Insurance has an obligation to fairly and properly investigate claims made against the policy, including the value of those claims. The policy does not permit Farmers Insurance to arbitrarily and capriciously set a value for a total loss; rather, the policy requires that Farmers Insurance to use a system that properly determines a fair and representative retail value for the total loss based on reliable and statistically verifiable data.

11. The Farmers Insurance Policy must comply with the statutory and administrative rules and regulations enacted through the authorities of the State of Oklahoma. Therefore, even if the Policy, as written, permits Farmers Insurance to utilize J.D.P. and M's statistically invalid method for valuing total loss (which it does not), Oklahoma state law and regulations nevertheless control.

12. Farmers Insurance, acting in concert with J.D.P. and M, has systematically violated the terms of its contracts with insureds, including its contract with the Plaintiff, through the use of statistically unvalidated condition adjustments that do not, and are not intended to, result in a settlement in the amount of "fair and representative retail value" for Plaintiff and its total loss insureds.

13. In violation of its policy with the Plaintiff and other insureds, Farmers Insurance relies on J.D.P. AND M valuations to arrive at values for total losses. These J.D.P. AND M valuations, however, are entirely arbitrary in how they arrive at a total loss value because they rely on so-called "condition adjustments" that are statistically invalid and are not based on reliable or statistically verifiable data.

14. Accordingly, Farmers Insurance, acting in concert with J.D.P. AND M, has systematically breached its policies with total loss insureds by using a total loss valuation system that does not present a fair and representative retail value and does not properly investigate the value of total loss claims. Farmers Insurance and J.D.P. AND M's conduct as resulted in the underpayment of claims to the Plaintiff and thousands of Oklahoma insureds.

15. **The wrongful procedures utilized by Farmers Insurance and J.D.P. AND M in handling total loss claims.** Farmers Insurance utilizes a computer-based valuation process developed by J.D.P. AND M in establishing values for its total loss insureds. Under the J.D.P. AND M valuation system, automobiles are rated as to condition. The J.D.P. AND M valuation system involves two aspects. First, J.D.P. AND M establihes a purported value of the total loss vehicle before making purported condition adjustments (the "pre-condition adjusted" value). Second, J.D.P. AND M makes downward deductions to the vehicle based on purported "condition adjustments" ("the condition adjusted" value). Condition adjustments are made to certain individual components of the car, namely, mechanical, body, engine, paint, interior and tires.

16. The dollar amounts assigned to condition adjustments by J.D.P. AND M are wholly arbitrary and are not based on any statistically objective, valid, or verifiable data, and has no statistically valid study, analysis, review or other data supporting the dollar amounts assigned to condition adjustments.

17. Specifically, the J.D.P. AND M procedures for determining the dollar amount of these condition adjustments have never been statistically validated to determine if the final condition adjustment dollar amounts deducted in valuations for Farmers Insurance total losses

4

accurately reflected how particular conditions affected market values. Stated differently, neither J.D.P. AND M nor Farmers Insurance has ever undertaken a study, analysis or review that properly determined whether the J.D.P. AND M condition adjustments accurately reflected the adjustment that would actually occur in the retail market for the underlying condition. As a result, valuations performed by J.D.P. AND M and used by Farmers Insurance to settle Oklahoma total loss claims are inherently illegal and flawed and do not present a fair and representative retail value of the vehicle within this State.

18.  **Farmers Insurance's improper adjusting of Plaintiff's claim**: Using a J.D.P. AND M valuation, determined a market valuation Farmers Insurance made condition adjustments in arbitrary and statistically invalid amounts. These condition deductions made by J.D.P. AND M and Farmers Insurance were improper under the Oklahoma total loss regulation and their obligations under the policy, because J.D.P. AND M's method of calculating the dollar amounts assigned to these condition adjustments is not statistically valid. The result of these improper condition adjustments was a settlement offer that was never intended to yield the fair and representative value as required by the express and implied duties owed by the Defendants under the terms of the policy itself, which contemplate a fair and reasonable investigation into the value of the insured's total loss claim.

19.  These arbitrary and statistically unvalidated condition adjustments also are the product of Farmers Insurance's failure to properly investigate the value of the Plaintiff's total loss, as well as the losses of other total loss insureds, acting in concert with J.D.P. AND M which supplied the valuation that both Defendants knew to be contrary to applicable policy terms, and the Defendants' implied duty of good faith and fair dealing.

5

20. Defendant made improper purported "condition adjustment" deductions for the following aspects of Plaintiff's vehicle: the transmission, power equipment, décor and convenience features, radio features, and other aspects of the vehicle. These improper deductions resulted in a substantial underpayment of Plaintiff's claims, the precise amount of which must be determined through discovery.

21. On information and belief, Plaintiff alleges that the value of his vehicle exceeded $17,000.00

22. **The Pre-Existing Scheme and Conspiracy Between Farmers Insurance and J.D.P. AND M to Violate Policy Terms and to Defraud the Plaintiff and Farmers Insurance Total Loss Insureds.** Farmers Insurance and J.D.P. AND M entered into an agreement and conspiracy before marketing and selling an automobile policy to Plaintiff and the other total loss insureds. The essence of this agreement contemplated the reaping of ill-gotten profits representing the collection of premium while illegally reducing claim payments for total losses. J.D.P. AND M's illegal valuation played a substantial role in this scheme in that its use was calculated by J.D.P. AND M and Farmers Insurance to conceal their intentional underpayment by representing said payment providing fair retail value. J.D.P. AND M shared in Farmers Insurance's illegal profits from this scheme via its contract to provide the unlawful valuations.

23. With this scheme in place, Farmers Insurance marketed automobile insurance policies to Plaintiff and other total loss insureds as a part of its conspiracy with J.D.P. AND M. This marketing involved fraudulent misrepresentations and concealments of material fact that were intended to convince Plaintiff that he would receive a fair and representative retail value in the event he experienced a total loss.

6

24. Farmers Insurance follows the uniform, regular, and systematic practice of improperly adjusting all total loss claims based upon J.D.P. AND M valuations. The J.D.P. AND M system for determining actual cash values is fundamentally flawed and is utilized by Farmers Insurance as an improper attempt to short its insureds by hundreds of dollars, thus denying the insureds the amount necessary for the insured to purchase a comparable vehicle.

25. The scheme of Farmers Insurance and J.D.P. AND M involved the inclusion of so-called appraisal provisions in Farmers Insurance policies that were intended as a barrier against paying full retail value. That is, Farmers Insurance and J.D.P. AND M intended these provisions to discourage insureds from disputing suspect valuations by imposing appraisal fees, if paid by the insured, would have consumed most, if not all, of the insured's additional recovery. Thus, appraisal provisions found in Farmers Insurance policies were themselves "moving parts" in the Defendants' illegal enterprise.

## COUNT ONE
## Breach of Contract Against Farmers Insurance

26. Plaintiff restates and incorporates herein by reference the foregoing allegations of this Amended Petition.

27. The Plaintiff entered into a contract of insurance with Farmers Insurance insuring his total loss vehicle.

28. Farmers Insurance has breached its policy with Plaintiff in three ways: (a) Farmers Insurance has wrongfully failed to pay the proper amount due and owing to the Plaintiff; and (b) Farmers Insurance has failed to properly investigate the value of the total losses by Plaintiff by using arbitrary and statistically invalid condition adjustments in the valuation of total loss claims.

7

29. Farmers Insurance is liable for compensatory, consequential and incidental damages flowing from said breaches.

## COUNT TWO
### Fraudulent Misrepresentation Against Farmers Insurance

30. Plaintiff restates and incorporates herein by reference the foregoing allegations of this Amended Petition.

31. Under applicable Oklahoma law, Defendant owes a duty to Plaintiff not to fraudulently misrepresent material facts concerning the nature of its claims settlement practices and adequacy of investigations into the value of total losses.

32. The Defendant's negligent, intentional and/or wanton misrepresentations include, but are not limited to, the following:

   a. That the Defendant properly investigated the value of the Plaintiff's total loss using a statistical valuation model that purported to be statistically validated and compliant with state law;

   b. That the condition adjustments made by the Defendant as reflected in the J.D.P. AND M valuations were properly validated and, together with other figures contained in the J.D.P. AND M valuation, fairly and accurately reflected the retail value of Plaintiff's total loss in the State of Oklahoma;

   c. That Defendant would properly pay fair value for total loss claims; and

   d. That Defendant's adjustment, investigation, and valuation of total loss claims were compliant with the policy terms and state law.

33. The Plaintiff reasonably relied on said misrepresentations to his detriment by continuing to pay premiums for the policy.

8

34. As a result, Defendant is liable for compensatory and punitive damages.

## COUNT THREE
## Suppression and Concealment Against Farmers Insurance

35. Plaintiff restates and incorporates herein by reference the foregoing allegations of this Amended Petition.

36. Under applicable Oklahoma law, Defendant owes a duty of utmost good faith to Plaintiff through the relationship created by the Farmers Insurance policies.

37. The Defendant has an obligation to disclose and not to suppress and conceal material facts regarding claims practices and the adjustment investigation, valuation settlement and payment of total loss claims.

38. Defendant has intentionally suppressed and concealed from the Plaintiff the fact that they have followed an improper claims handling practice in adjusting, investigation and valuing "total loss" claims.

39. Defendant has suppressed and concealed the material fact in both the policies and the J.D.P. AND M valuations provided to Plaintiff that the Defendant's uniform and regular adjusting, investigatory and settlement practices for total loss claims violate policy terms, Oklahoma law and the Defendant's implied duty of good faith and fair dealing.

40. The Plaintiff relied on these uniform misrepresentations and concealments by continuing to pay premiums for the policy.

41. As a result, the Defendant is liable for compensatory and punitive damages.

## COUNT FOUR
### Bad Faith as to Farmers Insurance

42. Plaintiff restates and incorporates herein by reference the foregoing allegations of this Amended Petition.

43. Plaintiff was issued a Farmers Insurance automobile insurance policy as described herein. That policy obligated Farmers Insurance to properly investigate the fair value of the total losses sustained by each such policyholder and then pay that amount promptly.

44. In material breach of the Farmers Insurance policy, Oklahoma law, and the duty of utmost good faith to its insureds, Farmers Insurance, acting in concert with J.D.P. AND M, conspired to underpay total loss claims using illegal and faulty J.D.P. AND M valuations. Specifically, Farmers Insurance, acting through J.D.P. AND M, violated its legal, contractual and ethical duties owed to its insureds by using J.D.P. AND M valuations that included statistically unsubstantiated, invalid, and arbitrary condition adjustments that were not intended to yield the fair replacement value of total loss vehicles.

45. Farmers Insurance's conspiracy with J.D.P. AND M to use unsupported condition adjustments in these valuations systematically deprived the Plaintiff of the fair value of his total loss, which is a violation of policy terms, Oklahoma law, and their implied duty of good faith and fair dealing. Farmers Insurance therefore failed to investigate the value of Plaintiff's total loss claim by not taking reasonable steps to ensure that the J.D.P. AND M valuations upon which it relied were statistically sound and presented a "fair and representative retail value of the vehicle within the state of Oklahoma" as required by the policy. Farmers Insurance also lacked a properly arguable or debatable reason for its failure to pay the proper value of that claim.

46. Farmers Insurance's conduct as outlined herein constitutes bad faith under applicable law, and as a proximate result thereof, Plaintiff is entitled to recover compensatory and punitive damages, as well as any other such damages, costs or attorneys' fees to which he may be entitled under Oklahoma law.

## COUNT FIVE
## Declaratory Relief as to Farmers Insurance

47. Plaintiff restates and incorporates herein by reference the foregoing allegations of this Amended Petition.

48. There is an actual case and controversy between Farmers Insurance and the Plaintiff regarding Farmers Insurance's obligations under its policies, implied obligations of good faith and fair dealing, as well as Oklahoma law, in the investigation and settlement of total loss claims, and the matter of whether Farmers Insurance's adjusting of total loss claims complies with policy terms, particularly in instances where arbitrary and statistically unsubstantiated condition adjustments have been made.

49. Plaintiff respectfully shows that he is entitled to a declaratory judgment that Farmers Insurance breached its contracts with the Plaintiff by (a) failing to properly investigate the value of his total loss and (b) using an illegal J.D.P. AND M valuation that included statistically invalid and arbitrary condition adjustments.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tim Hamon, respectfully requests the following, subject to the disclaimer of amount as stated herein:

(A) Compensatory economic damages under Counts One in such amount as evidence may show in excess of the jurisdictional limitations of this Court;

(B)  Compensatory economic damages and punitive damages under Counts Two, Three and Four in such amount as evidence may show in excess of the jurisdictional limitations of this Court;

(C)  Equitable and declaratory relief under Counts Five and Six; and

(D)  Such other and additional relief as the Court deems appropriate.

Jury Trial Demanded.

Respectfully Submitted,

*[signature]*

MARK H. COLBERT, OBA #10045
Colbert Law Offices
200 Stanley Street S.W.
P.O. Box 2169
Ardmore, Oklahoma 73402
colbertlawoffices@yahoo.com
(580) 226-1911
(580) 226-1907 Facsimile

## CERTIFICATE OF MAILING

This is to certify that on this 22nd day of April, 2014, a true and correct copy of the above and foregoing instrument was sent via first class U.S. Mail, postage prepaid, to:

Robert Taylor
TAYLOR, RYAN, MINTON,
VAN DALSEM & WILLIAMS, P.C.
Suite 850 Boulder Towers
1437 South Boulder Ave.
Tulsa, OK 74119

*[signature]*

MARK H. COLBERT