IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIM HAMON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-00161-JHP |
| | ) | |
| FARMERS INSURANCE COMPANY, INC. | ) | |
| J.D. POWER AND ASSOCIATES and | ) | |
| MITCHELL INTERNATIONAL, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## THIRD AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Tim Hamon, and for his cause of action against the

Defendants, Farmers Insurance Company, Inc., J.D. Power and Associates and Mitchell

International, Inc. states as follows:

### Introduction

This Complaint involves an improper plan and scheme to under value the total loss

claims of its insureds, and to misrepresent, conceal and suppress the fact that it is underpaying

the total loss claims of its insureds both in the marketing and selling of its policy to the Plaintiff

and misrepresenting, concealing and suppressing facts in preparing a valuation known as the

Mitchell Report submitted and utilizing it to evaluate the total loss of Plaintiff's vehicle.  The

plan and scheme went as far as to represent that gas vehicles were comparable to diesel vehicles

and represented that one of the vehicles utilized was a diesel when it was in fact a gas engine.

### A. Parties

1.      Plaintiff Tim Hamon ("Hamon" or "Plaintiff") is an adult citizen of the State of

Oklahoma residing in this State.  Plaintiff brings this action in his individual capacity.

2.      Defendant Farmers Insurance Company, Inc. (Farmers Insurance) is a mutual insurance corporation organized under the laws of Kansas and engaged in the business of insurance in the State of Oklahoma.

3.      J.D. Power and Associates, a foreign corporation that operates as a partner of Mitchell International, Inc., a foreign corporation, in providing total loss valuations in the State of Oklahoma and with Mitchell International, Inc. will hereinafter will be collectively referred to as J.D.P. and M .

4.      Mitchell International, Inc. is a foreign corporation that provides purported total loss valuations of the fair retail value of automobiles to Farmers Insurance in the State of Oklahoma.

5.      Farmers Insurance has adopted the uniform practice in this State of paying total loss automobile damage claims based upon J.D.P. and M's valuations.

6.      Plaintiff expressly states that he seeks an award of actual damages in excess of $75,000.00 and punitive damages pursuant to 23 O.S. §9.1 in such sum as the jury determines to be just, lawful and fair.

### B. Factual Allegations

7.      **The Farmers Insurance Policy and the Accident.**  Plaintiff insured his 2004 Chevrolet Silverado K2500 LS Duramax Turbo Diesel 4x4 Ext Pickup, VIN# 1GCHK29124E158238, with the Defendant pursuant to the terms of Policy # 192342412 which provided total loss coverage.

8.      On November 27, 2013, Plaintiff's vehicle became a total loss and pursuant to the terms of the policy, Plaintiff requested that the Defendant pay him the actual cost to purchase a comparable vehicle less the deductible.  Following the accident, Farmers Insurance determined

that Plaintiff's vehicle was a total loss. The Plaintiff's policy provides that Farmers Insurance shall pay the actual cash value of the loss when the vehicle is declared to be a "total loss." This provision obligates Farmers Insurance to pay the fair retail value of the insured vehicle prior to the loss, subject to the applicable deductible.

9.      There are recognized and generally accepted reference materials regularly used in the automobile and automobile finance industries to establish the fair retail value of automobiles, including publications of the National Automobile Dealers Association ("NADA"), Kelly Blue Book, and similar publications (i.e., the "Redbook") regularly utilized by banks and other financial institutions in establishing the value of vehicles in connection with automobile loans.

10.     **The Farmers Insurance Policy:**   Plaintiff's Farmers Insurance Policy also obligates Farmers Insurance to use a valuation system that presents a fair and representative retail value of total loss vehicles to Oklahoma insureds. This duty is a term expressly and/or impliedly arising under the contract itself.

11.     Under the policy, Farmers Insurance has an obligation to fairly and properly investigate claims made against the policy, including the value of those claims. The policy does not permit Farmers Insurance to arbitrarily and capriciously set a value for a total loss; rather, the policy requires that Farmers Insurance to use a system that properly determines a fair and representative retail value for the total loss based on reliable and statistically verifiable data.

12.     Farmers Insurance, acting in concert with J.D.P. AND M, has systematically violated the terms of its contracts with insureds, including its contract with the Plaintiff, through the use of statistically unvalidated condition adjustments that do not, and are not intended to, result in a settlement in the amount of "fair and representative retail value" for Plaintiff and its total loss insureds.

13.     Farmers Insurance violated its policy with the Plaintiff and other insureds, by utilizing improper and inaccurate J.D.P. AND M valuations.

14.     Accordingly, Farmers Insurance, acting in concert with J.D.P. AND M, has systematically breached its policies with total loss insureds by using a total loss valuation system that does not present a fair and representative retail value and does not properly investigate the value of total loss claims.   Farmers Insurance and J.D.P. AND M's conduct as resulted in the underpayment of claims to the Plaintiff and thousands of Oklahoma insureds.

15.     **The wrongful procedures utilized by Farmers Insurance and J.D.P. AND M in handling total loss claims.**   Farmers Insurance utilizes a computer-based valuation process developed by J.D.P. AND M in establishing values for its total loss insureds.   Under the J.D.P. AND M valuation system, automobiles are rated as to condition.   The J.D.P. AND M valuation is known as the Mitchell Vehicle Valuation Report and the system involves two aspects.   First, J.D.P. AND M establishes a purported value of the total loss vehicle before making purported condition adjustments (the "pre-condition adjusted" value).   Second, J.D.P. AND M makes downward deductions to the vehicle based on purported "condition adjustments" ("the condition adjusted" value).   Condition adjustments are made to certain individual components of the car, namely, mechanical, body, engine, paint, interior and tires.

16.     On information and belief of the Plaintiff, the amounts assigned to condition adjustments by J.D.P. AND M are wholly arbitrary and are not based on any statistically objective, valid, or verifiable data, and has no statistically valid study, analysis, review or other data supporting the dollar amounts assigned to condition adjustments.

17.     Specifically, on information and belief the amounts the J.D.P. AND M procedures for determining the dollar amount of these condition adjustments have never been statistically

validated to determine if the final condition adjustment dollar amounts deducted in valuations for Farmers Insurance total losses accurately reflected how particular conditions affected market values. Stated differently, neither J.D.P. AND M nor Farmers Insurance has ever undertaken a study, analysis or review that properly determined whether the J.D.P. AND M condition adjustments accurately reflected the adjustment that would actually occur in the retail market for the underlying condition. As a result, valuations performed by J.D.P. AND M and used by Farmers Insurance to settle Oklahoma total loss claims are inherently illegal and flawed and do not present a fair and representative retail value of the vehicle within this State.

18.   **Farmers Insurance's improper adjusting of Plaintiff's claim:** on information and belief of the Plaintiff, the amounts using a J.D.P. AND M valuation, determined a market valuation Farmers Insurance made condition adjustments in arbitrary and statistically invalid amounts. These condition deductions made by J.D.P. AND M and Farmers Insurance were improper under the Oklahoma total loss regulation and their obligations under the policy, because J.D.P. AND M's method of calculating the dollar amounts assigned to these condition adjustments is not statistically valid. The result of these improper condition adjustments was a settlement offer that was never intended to yield the fair and representative value as required by the express and implied duties owed by the Defendants under the terms of the policy itself, which contemplate a fair and reasonable investigation into the value of the insured's total loss claim.

19.   On information and belief of the Plaintiff, the amounts these arbitrary and statistically unvalidated condition adjustments also are the product of Farmers Insurance's failure to properly investigate the value of the Plaintiff's total loss, as well as the losses of other total loss insureds, acting in concert with J.D.P. AND M which supplied the valuation that both

Defendants knew to be contrary to applicable policy terms, and the Defendants' implied duty of good faith and fair dealing.

20.   **Farmers Insurance's improper use of non diesel vehicles as purported comparables.** Defendant made improper purported "condition adjustments" on the comparable vehicles used to arrive at a value for the Hamon vehicle, for the "Projected Sold Adjustment," Vehicle Configuration Adjustment, Mileage, Equipment and Seats. These improper deductions resulted in a substantial under payment of Plaintiff's claims, the precise amount of which must be determined through discovery.

21.   Further, the Projected Sold Adjustment on vehicle 1 was -$938.00, 2 -$938.00, 3 -$1,251.00, 4 - $821.00, 5 -$860.00, 6 -$938.00. These deductions were made based on arbitrary estimates of what the dealer would take for the vehicle. The six vehicles utilized were taken from Autotrader.com (4 vehicles) and Cars.com (6 vehicles) all outside the local market area. This avoidance of the NADA value and/or dealer quotes as hereinafter referenced effectively denies the Plaintiff the ability to replace his vehicle in the local market area at retail price. The theory espoused by the Defendant is that Hamon is not entitled to get enough money to replace his vehicle through a dealer. This in effect gives Plaintiff a wholesale value for his car instead of the retail value.

22.   Oklahoma Total Loss valuations are governed by 36 O.S. §1250.8. This statute allows valuations to be determined by:

a.      The cost of a comparable motor vehicle in the local market area when a comparable motor vehicle is currently or recently available in the prior ninety (90) days in the local market area.

b.      one of two or more quotations obtained by an insurer from two or more qualified dealers located within the local market area when a comparable motor vehicle is not available in the local maket area;

c.        the cost of a comparable motor vehicle as quoted in the latest edition of the National Automobile Dealers Associateion Officiaal Used Car Guide or monthly edition of any other national recognized publised guidebook.

The Defendants chose not to use two or more dealer quotes or the NADA guide as set forth in paragraphs b and c, respectively.  They chose instead to use comparable vehicles per paragraph a.  However,  (Defendants' six (6) alleged comparables are from (1) Gainesville, Texas, (2) Sanger, Texas, (3) Private web listing 73 miles away with no identification of location, (4) Private web listing 73 miles away with no identification of location, (5) Bonham, Texas and (6) Bonham, Texas).  Based on a dealer quote and the National Auto Dealers Assocation Official Used Car Guide (NADA) the valuation was $16,950.00  and $17,600.00, respectively.  Notwithstanding the fact that the Plaintiff's loss vehicle had a Duramax Turbo Diesel engine that increased the value of the vehicle by the sum of $5,450.00 per a dealer's quote and NADA retail value over normal gas engines, the Defendants utilized six (6) vehicles, allegedly comparable vehicles, five (5) normal gas and one (1) turbo diesel to arrive at its comparable vehicle valuation of $9,732.86. The one and only turbo diesel outlined in the Mitchell Report prepared and utilized by the Defendants and represented to the Plaintiff as a comparable vehicle in the valuation, was in fact a normal gas engine and not a turbo diesel engine.

23.       Thus, the use of vehicles outside the local market area, "condition adjustments" and the failure to account for the Duramax Turbo Diesel engine as referenced above, Plaintiff's vehicle was grossly undervalued by J.D.P. and M.  These improper deductions resulted in a substantial underpayment of Plaintiff's claims.

24.       On information and belief, Plaintiff alleges that the value of his vehicle exceeded $17,000.00

25.    **The Pre-Existing Scheme and Conspiracy Between Farmers Insurance and J.D.P. AND M to Violate Policy Terms and to Defraud the Plaintiff and Farmers Insurance Total Loss Insureds.** Farmers Insurance and J.D.P. AND M entered into an agreement and conspiracy before marketing and selling an automobile policy to Plaintiff and the other total loss insureds.   The essence of this agreement contemplated the reaping of ill-gotten profits representing the collection of premium while illegally reducing claim payments for total losses. J.D.P. AND M's illegal valuation played a substantial role in this scheme in that its use was calculated by J.D.P. AND M and Farmers Insurance to conceal their intentional underpayment by representing said payment providing fair retail value.   J.D.P. AND M shared in Farmers Insurance's illegal profits from this scheme via its contract to provide the unlawful valuations.

26.    With this scheme in place, Farmers Insurance marketed automobile insurance policies to Plaintiff and other total loss insureds as a part of its conspiracy with J.D.P. AND M. This marketing involved fraudulent misrepresentations and concealments of material fact that were intended to convince Plaintiff that he would receive a fair and representative retail value in the event he experienced a total loss.  Plaintiff relied upon this misrepresentation at the time he purchased his policy.

27.    As a result of this pre-existing scheme and plan to under value total loss claims that existed at the time Plaintiff purchased his policy from Farmers, and began paying his premiums, Defendants had the present intent, and knew and intended that it would not properly investigate and value the total loss claims of its insureds to the detriment of the Farmers' insureds.

28.     The scheme remained in place when Plaintiff submitted his claim for the total loss of his vehicle and the Defendants utilized the improper plan and scheme to under value the Plaintiff's vehicle.

29.     Farmers Insurance follows the uniform, regular, and systematic practice of improperly adjusting all total loss claims based upon J.D.P. AND M valuations.  The J.D.P. AND M system for determining actual cash values is fundamentally flawed and is utilized by Farmers Insurance as an improper attempt to short its insureds by hundreds of dollars, thus denying the insureds the amount necessary for the insured to purchase a comparable vehicle.

30.     The scheme of Farmers Insurance and J.D.P. AND M involved the inclusion of so-called appraisal provisions in Farmers Insurance policies that were intended as a barrier against paying full retail value.  That is, Farmers Insurance and J.D.P. AND M intended these provisions to discourage insureds from disputing suspect valuations by imposing appraisal fees, if paid by the insured, would have consumed most, if not all, of the insured's additional recovery. Thus, appraisal provisions found in Farmers Insurance policies were themselves "moving parts" in the Defendants' illegal enterprise.

31.     **The Appraisal Provision in the Farmers Insurance Policy Does Not Defeat the Claims of the Plaintiff.**  The appraisal provision in the Farmers Insurance Policy is invalid to the extent that the Defendants would seek to invoke it in any way as dispositive of this case.

32.     *Appraisals cannot determine questions of law*.  Any appraisers appointed pursuant to the Farmers Insurance appraisal provision are precluded from determining questions of law that include without limitation: (1) interpretation of the Oklahoma Statute and total loss Regulation and specifically whether the J.D.P. AND M valuation used by Farmers Insurance in adjusting total loss claims "presents a fair and representative retail value of the vehicle within the

state of Oklahoma"; (2) interpretation of the policy provisions relating to the actual cash value; (3) whether Farmers Insurance and J.D.P. AND M violated the total loss statute and regulations or the pertinent policy provision; (4) whether J.D.P. AND M condition adjustments and/or equating adjustments were arbitrary and capricious because J.D.P. AND M failed to validate or substantiate the amount of such adjustments (in relation to the effects of underlying conditions in the retail market) with a proper statistical analysis; and (5) whether Farmers Insurance fraudulently induced the Plaintiff to purchase the Farmers Insurance policy.

33.     ***Appraisals and pre-existing schemes***.   The appraisal provision does not apply to a suit based on tortious conduct arising out of a pre-existing scheme as alleged herein because the appraisal provision in Plaintiff's policy is intended to address only the amount of the insured's loss, not whether Defendants conspired to deceive the Plaintiff and total-loss insureds throughout Oklahoma or the amount of tort injury caused by such conduct.

34.     ***Farmers Insurance cannot belatedly assert the appraisal provision  under the doctrine of waiver.***   Farmers Insurance has waived any possible right it may have to seek an appraisal of Plaintiff's vehicle.  Farmers Insurance has long had notice of the Plaintiff's dispute and has nevertheless failed to invoke the appraisal provision within a reasonable time and first invoked the appraisal provision in paragraph 57 of it's Answer to Plaintiff's Amended Petition.

35.     ***Greentree Financial Corp. v. Randolph precludes application of an appraisal provision.***   Enforcement of the appraisal provision would curtail Plaintiff's rights to service and due process under Greentree Financial Corporation - Oklahoma v. Randolph, 531 U.S. 79 (2000), where the cost and expense incurred by plaintiff in the appraisal process effectively deprives him of a full and proper adjudication of his claims.  Plaintiff has already sustained a serious financial loss from his accident and Defendant's adjustment of his total loss claim.  To

require him to pay additional sums to seek an appraisal effectively denies him the right to have his claim heard.

36.      ***Appraisal provisions that prohibit exemplary damages are invalid.***   The appraisal provision is invalid in its entirety in this case, because it does not allow for the consideration or award of punitive damages by its express terms if it is held to adjudicate fully Plaintiff's tort claims.  Moreover, the appraisal provision does not contain a severability clause; therefore, the entire clause is invalidated in this regard because none of it can be "saved."

## COUNT ONE
### Unjust Enrichment and Constructive Trust as to J.D.P. AND M

37.      Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

38.      Under the circumstances outlined herein, J.D.P. AND M illicitly profited from the scheme alleged herein by entering into an agreement and conspiracy with Farmers Insurance to cheat Plaintiff and Oklahoma total loss insureds and accepting substantial sums of money in return for its faulty and illegal valuations described herein.

39.      Accordingly, this Court should impose a constructive trust on those monies by which J.D.P. AND M has been unjustly enriched as a result of its conduct and participation in this scheme, and such monies should go to or be used for the benefit of the Plaintiff.

## COUNT TWO
### Breach of Contract Against Farmers Insurance

40.      Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

41.      The Plaintiff entered into a contract of insurance with Farmers Insurance insuring her total loss vehicle.

42.     Farmers Insurance has breached its policy with Plaintiff in three ways: (a) Farmers Insurance has wrongfully failed to pay the proper amount due and owing to the Plaintiff; and (b) Farmers Insurance has failed to properly investigate the value of the total losses by Plaintiff by using arbitrary and statistically invalid condition adjustments in the valuation of total loss claims.

43.     Farmers Insurance is liable for compensatory, consequential and incidental damages flowing from said breaches.

**COUNT THREE**
**Fraudulent Misrepresentation Against Farmers Insurance and J.D.P. and M**

44.     Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

45.     Under applicable Oklahoma law, Defendant owes a duty to Plaintiff not to fraudulently misrepresent material facts concerning the nature of its claims settlement practices and adequacy of investigations into the value of total losses.

46.     The Defendant's negligent, intentional and/or wanton misrepresentations include, but are not limited to, the following:

   a.  That the Defendant properly investigated the value of the Plaintiff's total loss using a statistical valuation model that purported to be statistically validated and compliant with state law;

   b.  That the condition adjustments made by the Defendant as reflected in the J.D.P. AND M valuations were properly validated and, together with other figures contained in the J.D.P. AND M valuation, fairly and accurately reflected the retail value of Plaintiff's total loss in the State of Oklahoma;

   c.  That Defendant would properly pay fair value for total loss claims; and

d. That Defendant's adjustment, investigation, and valuation of total loss claims were compliant with the policy terms and state law.

47. The Plaintiff reasonably relied on said misrepresentations to his detriment by continuing to pay premiums for the policy.

48. As a result, Defendant is liable for compensatory and punitive damages.

## COUNT FOUR
## Suppression and Concealment Against Farmers Insurance

49. Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

50. Under applicable Oklahoma law, Defendant owes a duty of utmost good faith to Plaintiff through the relationship created by the Farmers Insurance policies.

51. The Defendant has an obligation to disclose and not to suppress and conceal material facts regarding claims practices and the adjustment investigation, valuation settlement and payment of total loss claims.

52. Defendant has intentionally suppressed and concealed from the Plaintiff the fact that they have followed an improper claims handling practice in adjusting, investigating and valuing "total loss" claims.

53. Defendant has suppressed and concealed the material fact in both the policies and the J.D.P. AND M valuations provided to Plaintiff that the Defendant's uniform and regular adjusting, investigatory and settlement practices for total loss claims violate policy terms, Oklahoma law and the Defendant's implied duty of good faith and fair dealing.

54. The Plaintiff detrimentally relied on these misrepresentations, suppressions and concealments in that if the Defendant, Farmers, had disclosed the true facts as set forth in

paragraphs 20 through 30 the Plaintiff would not have purchased the policy and continued to pay premiums for the policy.

55.     As a result, the Defendant is liable for compensatory and punitive damages.

**COUNT FIVE**
**Bad Faith as to Farmers Insurance**

56.     Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

57.     Plaintiff was issued a Farmers Insurance automobile insurance policy as described herein.  That policy obligated Farmers Insurance to properly investigate the fair value of the total losses sustained by each such policyholder and then pay that amount promptly.

58.     In material breach of the Farmers Insurance policy, Oklahoma law, and the duty of utmost good faith to its insureds, Farmers Insurance, acting in concert with J.D.P. AND M, conspired to underpay total loss claims using illegal and faulty J.D.P. AND M valuations. Specifically, Farmers Insurance, acting through J.D.P. AND M, violated its legal, contractual and ethical duties owed to its insureds by using J.D.P. AND M valuations that included statistically unsubstantiated, invalid, and arbitrary condition adjustments that were not intended to yield the fair replacement value of total loss vehicles.

59.     Farmers Insurance's conspiracy with J.D.P. AND M to use unsupported condition adjustments in these valuations systematically deprived the Plaintiff of the fair value of his total loss, which is a violation of policy terms, Oklahoma law, and their implied duty of good faith and fair dealing. Farmers Insurance therefore failed to investigate the value of Plaintiff's total loss claim by not taking reasonable steps to ensure that the J.D.P. AND M valuations upon which it relied were statistically sound and presented a "fair and representative retail value of the

vehicle within the state of Oklahoma" as required by the policy. Farmers Insurance also lacked a properly arguable or debatable reason for its failure to pay the proper value of that claim.

60.     Farmers Insurance's conduct as outlined herein constitutes bad faith under applicable law, and as a proximate result thereof, Plaintiff is entitled to recover compensatory and punitive damages, as well as any other such damages, costs or attorneys' fees to which he may be entitled under Oklahoma law.

## COUNT SIX
### Tortious Interference With Performance of a Contract as to J.D.P. AND M

61.     Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

62.     At all times relevant hereto, a contract of insurance existed between Farmers Insurance and the Plaintiff, and has been described in this Third Amended Complaint as the Plaintiff's "Policy". This Policy obligated Farmers Insurance to properly investigate the value of Plaintiff's total loss claim using a fair and statistically valid valuation system or methodology and then to properly pay the Plaintiff the fair and representative retail value of her total loss.

63.     At all times relevant hereto, J.D.P. AND M had knowledge that Farmers Insurance entered into such contracts with its insureds that involved the obligations set forth above. This knowledge is demonstrated by the fact that J.D.P. AND M prepared a fraudulent valuation specifically for the Plaintiff during the adjustment of her total loss claim.

64.     Plaintiff alleges that J.D.P. AND M knowingly interfered with Farmers Insurance's contractual obligations by supplying a statistically invalid and wholly arbitrary total loss valuation that was intended to induce Farmers Insurance to breach its policy with the Plaintiff. Farmers Insurance's breaches that were caused by J.D.P. AND M's unjustified interference (i.e., fraud) include the following: (a) failing to pay the proper amount due and

owing to the Plaintiff; (b) failing to properly investigate the value of the total losses by Plaintiff by using arbitrary and statistically invalid condition adjustments in the valuation of total loss claims; and (c) failing to properly investigate the value of total loss claims and instead relying on J.D.P. AND M valuations that incorporate statistically invalid and arbitrary condition adjustments.

65.     As a result of J.D.P. AND M's fraudulent and improper valuations which tortiously interfered with the contractual relationship between Farmers Insurance and the Plaintiff, the Plaintiff is entitled to recover compensatory and punitive damages, as well as any other such damages, costs or attorneys' fees to which she may be entitled under Oklahoma law.

## COUNT SEVEN
### Breach of Contract as to J.D.P. AND M arising from Plaintiff's Status as a Third-Party Beneficiary of the Agreement Between Said Defendants

66.     Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

67.     At all times relevant hereto, Farmers Insurance and J.D.P. AND M had a contract between them in which J.D.P. AND M agreed to provide Farmers Insurance with total loss valuations that were consistent with Farmers Insurance's uniform policy obligations with insureds.  The intended purpose of this agreement was to "outsource" Farmers Insurance's investigation on the value of total loss claims filed by insureds and to provide valuations to said insureds that were statistically validated and that reflected the fair and representative cash value of the insured's total loss.  This agreement was formed for the purpose of conferring a benefit upon insureds through the provision of this service.  That is, Farmers Insurance and J.D.P. AND M intended upon the execution of this agreement to bestow a direct benefit upon insureds.

68.    As an insureds for whom a valuation was prepared under this agreement, Plaintiff is an intended beneficiary and is entitled to sue for the enforcement of the contract between Farmers Insurance and J.D.P. AND M.

69.    Plaintiff alleges that J.D.P. AND M breached this agreement providing Farmers Insurance with a total loss valuation that was not statistically validated and that was wholly arbitrary in the manner in which it valued and assessed condition adjustments as alleged herein. J.D.P. AND M's valuation breached this agreement for the additional reason that it was not compliant with Farmers Insurance's policy obligations or applicable state law.

70.    J.D.P. AND M is liable for compensatory, consequential and incidental damages flowing from said breaches

### COUNT EIGHT
### Conspiracy as to Farmers Insurance and J.D.P. AND M

71.    Plaintiff restates and incorporates herein by reference the foregoing allegations of this Third Amended Complaint.

72.    Farmers Insurance and J.D.P. AND M entered into an illicit agreement and conspiracy to improperly pay Plaintiff's total loss claim using valuations that included statistically invalid and arbitrary condition adjustments that are contrary to Oklahoma law and the terms of Farmers Insurance's insurance policy.  Specifically, Farmers Insurance and J.D.P. AND M conspired to cheat Plaintiff and Oklahoma insureds by using J.D.P. AND M valuations that included statistically unsubstantiated, invalid, and arbitrary condition adjustments that were not intended to yield the fair replacement value of total loss vehicles.

73.    Farmers Insurance's conspiracy with J.D.P. AND M to use unsupported condition adjustments in these valuations deprived the Plaintiff of the proper value of her total losses

which is a violation of policy terms, Oklahoma law, and implied duties of good faith and fair dealing.

74. Therefore, J.D.P. AND M and Farmers Insurance are each liable for the torts of one another arising out of their conspiracy as defined herein.

## COUNT NINE
### Breach of implied duty of good faith and fair dealing against Farmers.

As referenced above, Farmers Insurance has breached its duty of good faith and fair dealing to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Tim Hamon, respectfully requests the following, subject to the disclaimer of amount as stated herein:

(A) Compensatory economic damages under Counts One, Two, Seven and Eight in such amount as evidence may show in excess of the jurisdictional limitations of this Court;

(B) Compensatory economic damages and punitive damages under Counts Three, Four, Five, Six and Eight in such amount as evidence may show in excess of the jurisdictional limitations of this Court;

(C) Equitable and declaratory relief under Counts One; and

(D) Such other and additional relief as the Court deems appropriate.

Jury Trial Demanded.

Respectfully Submitted,


/s/ Jonathan H. Waller
MARK H. COLBERT, OBA #10045
Colbert Law Offices
200 Stanley Street S.W.
P.O. Box 2169
Ardmore, Oklahoma 73402
colbertlawoffices@yahoo.com
(580) 226-1911
(580) 226-1907 Facsimile

AND

JONATHAN WALLER, ASB 0725-L53J
WALLER LAW FIRM
2001 Park Place, Suite 900
Birmingham, AL 35203
JWaller@Wal-Law.com
(205) 313-7330
(205) 313-7331 Direct


## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ashley M. Bibb – abibb@trsvlaw.com
Neil D. Van Dalsem – nvandalsem@trsvlaw.com
Robert H. Taylor – rtaylor@trsvlaw.com
Kenneth T. Short – kshort@dsda.com
Michael S. Linscott - mlinscott@dsda.com


/s/ Jonathan H. Waller
Of Counsel