IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM HAMON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 14-CV-00161-JHP |
| FARMERS INSURANCE COMPANY, INC., | ) Judge James H. Payne |
| J.D. POWER AND ASSOCIATES, and | ) |
| MITCHELL INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MITCHELL INTERNATIONAL'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [DKT 39] PURSUANT TO FED.R.CIV.P. 12(B)(6) AND BRIEF IN SUPPORT**

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

Michael S. Linscott, OBA No. 17266
Kenneth T. Short, OBA No. 22712
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
mlinscott@dsda.com
kshort@dsda.com

ATTORNEYS FOR DEFENDANT
MITCHELL INTERNATIONAL, INC.

Defendant Mitchell International, Inc. ("Mitchell"), pursuant to Fed.R.Civ.P. 12(b)(6), moves the Court to dismiss all claims asserted against it in Plaintiff Tim Hamon's Third Amended Complaint. Plaintiff has failed to state a plausible claim for relief against Mitchell.

## I. INTRODUCTION

This lawsuit arises out of a dispute between Plaintiff and his auto insurer (Defendant Farmers Insurance Company ("Farmers")) about whether Farmers breached its auto insurance contract with Plaintiff. On November 27, 2013, Plaintiff was involved in an auto accident while driving a 2004 Chevrolet Silverado truck that was insured by Farmers. Plaintiff's insurance policy provided collision coverage, requiring Farmers to pay Plaintiff the actual cash value of a total loss vehicle, less applicable deductibles. Pursuant to this policy, Plaintiff submitted a claim to Farmers for the total loss of his truck. Farmers made a determination of the value of Plaintiff's truck prior to the accident and issued Plaintiff payment, minus the applicable deductible amount. Plaintiff now disagrees with the valuation made by Farmers.

Mitchell develops and sells proprietary software designed as a tool to assist insurers with claims processing. One of the products developed by Mitchell is WorkCenter Total Loss ("WCTL") which Mitchell licenses to numerous insurers – including Farmers - to assist the insurers in managing their claims and valuing total losses of automobiles. Plaintiff alleges that Farmers used WCTL in valuing Plaintiff's total loss vehicle.

Although this should be a relatively straight-forward dispute between Plaintiff and Farmers regarding the proper valuation of Plaintiff's truck – which, in fact, it was in the first two iterations of the complaint - , Plaintiff now alleges in a multi-defendant complaint that he is the victim of a vast conspiracy among all Defendants. To that end, Plaintiff has asserted claims against Mitchell for unjust enrichment and constructive trust, fraudulent misrepresentation, tortious interference, breach of contract, and conspiracy. Remarkably, Plaintiff asserts these

claims against Mitchell despite having no privity of contract with Mitchell, and without any allegation that he had communications or any type of relationship with Mitchell or its employees.

As set forth below, each of these claims fails as a matter of law, and Mitchell should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Fed.R.Civ.P. 8(a)(2) requires "only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A complaint [does] not suffice if it tenders 'naked assertions' devoid of further 'factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 557). When reviewing a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff. *See Alvarado v. KOB-TV, L.L.C.*, 483 F.3d 1210, 1215 (10th Cir. 2007).

In *Twombly* and *Iqbal*, the Supreme Court set forth the plausibility standard for construing a complaint. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78). The plausibility standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint which pleads facts "that

are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement of relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of Plaintiff's Third Amended Complaint under *Twombly* and *Iqbal*, the Court should take the following three steps: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See*, e.g., *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010) (internal citations omitted).

### III.  ARGUMENT AND AUTHORITIES

**A.     Plaintiff fails to state a plausible claim for unjust enrichment and constructive trust against Mitchell.**

**1.     Plaintiff fails to plead plausible facts suggesting Mitchell was unjustly enriched at Plaintiff's expense.**

Plaintiff's unjust enrichment claim against Mitchell (Count 1) should be dismissed because Plaintiff does not allege how Mitchell allegedly was unjustly enriched even if Farmers did under-value Plaintiff's total loss claim.

Unjust enrichment results from the failure of a party to make restitution in circumstances where it is inequitable. It is a recognized ground for recovery in Oklahoma. *Lapkin v. Garland Bloodworth, Inc.,* 2001 OK CIV APP 29, ¶ 7, 23 P.3d 958 (internal citations omitted). Unjust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable; i.e. the party has money in its hands that, in equity and good conscience, it should not be allowed to retain. *Harvell v. Goodyear Tire and Rubber Co.*, 2006 OK 24, ¶ 18, 164 P.3d 1028. A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good

conscience for one to retain a benefit which has come to him at the expense of another. *Lapkin*, 2001 OK CIV APP 29, ¶ 7; *see also Harvell*, 2006 OK 24, ¶ 18 (unjust enrichment occurs when a party "has money in its hands that, in equity and good conscience, it should not be allowed to retain"). The inequity of retaining a benefit can spring from a variety of sources, such as fraud or misrepresentation, in which the recipient has received a benefit for which he has not responded with a quid pro quo. *Roberson v. PaineWebber, Inc.*, 2000 OK CIV APP 17, ¶ 16, 998 P.2d 193.

Here, Plaintiff alleges that Mitchell is unjustly enriched due to an alleged unlawful reduced valuation of his truck provided to Plaintiff by Farmers. *See* Third Amended Complaint at ¶ 38. However, Plaintiff has made no allegation as to exactly how Mitchell was unjustly enriched by an alleged reduced valuation provided by Farmers. Plaintiff claims Farmers provided him with an improper valuation of his truck. Thus, Plaintiff claims Farmers has been unjustly enriched at Plaintiff's expense, i.e., Plaintiff did not receive the full value of the collision coverage for which he paid. Plaintiff does not plead any facts suggesting Mitchell somehow shared in any unjust enrichment received by Farmers because of the reduced valuation.

Plaintiff must plead plausible facts supporting each element of his claim. *Twombly*, 550 U.S. at 554-5. Because Plaintiff fails to plead facts plausibly suggesting Mitchell retained any benefit *at Plaintiff's expense*, his unjust enrichment claim should be dismissed.

> **2.    Plaintiff's "constructive trust" claim is fatally deficient because it is a remedy, not a cause of action.**

Plaintiff's constructive trust "claim" (also Count 1) is merely an equitable remedy, not an actionable claim for relief. *Gaskins v. Texon, LP*, 2014 OK CIV APP 22, n.5, 321 P.3d 985 ("Implied trusts are equitable remedies which arise entirely by implication of law and are either constructive or resulting trusts."); *see also Ely v. Bowman*, 1996 OK CIV APP 87, ¶ 20, 925 P.2d

567 ("[C]onstructive trusts are equitable remedies."). Constructive trusts are used by the courts as a remedial device to restore the status quo. *Gaskins*, 2014 OK CIV APP 22, n.5.

Even if Plaintiff's constructive trust "claim" is actionable, it is not adequately pled. Where only a money judgment is sought and there is no specific property identified as belonging to plaintiffs, it is improper to impose a constructive trust. *Bugge v. Far West Fed. Bank, S.B.*, 785 P.2d 1058, 1064 (Ore. Ct. App. 1990). A prerequisite to the imposition of a constructive trust is the identification of specific property belonging to the claimant. *Burch & Cracchiolo, P.A. v. Pugliani*, 697 P.2d 674, 679 (Ariz. 1985). A general claim for money damages will not give rise to a constructive trust. *Id.* A constructive trust may only be imposed where the res is specific identifiable property or can be clearly traced in assets of the defendant which are claimed by the party seeking relief. *Trend Setter Villas of Deer Creek v. Villas on the Green, Inc.*, 569 So.2d 766, 768 (Fla. Ct. App. 1990). Plaintiff has not identified any specific property belonging to him over which the Court can impose a constructive trust.

**B.      Plaintiff fails to state a plausible claim for fraudulent misrepresentation against Mitchell.**

Plaintiffs' claim against Mitchell for fraudulent misrepresentation (Count 3) must be dismissed because Plaintiff does not allege any representations that Mitchell made to Plaintiff, much less allege the "who, what, when and where" required under the applicable federal pleading standards.

Under Oklahoma law, the term "fraud" is broadly defined to include any act designed to gain an unfair advantage over another. *Ragland v. Shattuck Nat'l Bank*, 36 F.3d 983, 990 (10th Cir. 1994); *see also Jones v. Snyder*, 1926 OK 457, ¶ 17, 249 P. 313 (stating "the law term "fraud" has a wide sense, and includes all acts, omissions, or concealments by which one person obtains an advantage against conscience over another, or which equity or public policy forbids as

being to another's prejudice"). The elements of actionable fraud are (1) a false material misrepresentation, (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, (3) with the intention that it be acted upon, and (4) which is relied on by the other party to his (or her) own detriment. *Bowman v. Presley*, 2009 OK 48, ¶13, 212 P.3d 1210. The basis of fraudulent misrepresentation is the creation of a false impression and damages sustained as a natural and probable consequence of the act charged. *Tice v. Tice*, 1983 OK 108, ¶ 7, 672 P.2d 1168. A plaintiff must prove each and every element by clear and convincing evidence. *Id.*; *see also Bourke v. Western Business Products, Inc.*, 2005 OK CIV APP 48, ¶ 33, 120 P.3d 876 ("[T]he law presumes honesty and fair dealing, and fraud may not be inferred from acts which are consistent with honesty of purpose. When a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted.").

"In alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). "More specifically, [the Tenth Circuit] requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citation omitted). "Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *Id* (internal citation omitted). "Allegations of fraud must be stated with sufficient particularity to enable the opposing party to prepare his/her responsive pleadings and defenses." *A-Plus Janitorial & Carpet Cleaning v. Employers' Workers' Compensation Ass'n*, 1997 OK 37, ¶ 35, 936 P.2d 916.

Plaintiff wholly fails to plead facts plausibly suggesting Mitchell made a false material representation to Plaintiff. Critically, Plaintiff does not allege that he had ***any type of contact whatsoever*** with Mitchell or its employees, much less that any representation made to him by Mitchell was false. Without this basic allegation, Plaintiff has not stated a claim against Mitchell.

Moreover, Plaintiff does not "set forth the time, place and contents of the false representation." *Koch*, 203 F.3d at 12366. Nor does Plaintiff identify the specific employee, agent, or representative of Mitchell who allegedly made a false material representation to Plaintiff. *Id.* Instead, like with his other claims, Plaintiff only makes conclusory allegations of a fraudulent misrepresentation. *See* Third Amended Complaint at Introduction ¶¶ 45-47. These allegations are conclusory and mere recitation of the elements of Plaintiff's claim and stop far short of the line between possibility and plausibility of wrongful conduct. *Twombly*, 550 U.S. at 557.

Notably, a careful comparison of Plaintiff's First Amended Complaint, Second Amended Complaint, and Third Amended Complaint identifies that the only "amendment" Plaintiff made to his fraud claim was to insert Mitchell's name as a defendant. Plaintiff did not add a single allegation regarding Mitchell or even change the syntax of the allegations to reflect that the claim is now being asserted against multiple defendants. Plaintiff is simply throwing a fraud claim against Mitchell to see if it will stick. Furthermore, Mitchell cannot be compelled to respond to allegations of fraud that are not pleaded with sufficient particularity. *A-Plus*, 1997 OK 37, ¶ 35. Such defective and inadequate pleading inhibits any attempt by Mitchell to investigate and respond to Plaintiff's claim. Plaintiff's fraud claim against Mitchell is insufficient and must be

dismissed under Rule 12(b)(6) and Rule 9(b) because he fails to plead plausible facts supporting an actual fraudulent misrepresentation made to him by Mitchell.

### C. Plaintiff fails to state a plausible claim for tortious interference against Mitchell.

Plaintiff claims in Count 6 that Mitchell tortiously interfered with its insurance contract with Farmers resulting in Farmers breaching the contract.  To state a claim for tortious interference with an existing contract under Oklahoma law, a plaintiff must allege: (1) plaintiff had a contract with a third party; (2) defendant knew or under the circumstances reasonably should have known about the contract; (3) defendant interfered with the contract or induced the third party to breach the contract, or made it impossible for the contract to be performed; (4) defendant's actions were intentional; (5) defendant used improper or unfair means, and; (6) plaintiff suffered damages as a direct result of defendant's actions.  OUJI-CIV, Inst. No. 24.1; *see also Mac Adjustment, Inc. v. Property Loss Research Bureau*, 1979 OK 41, ¶ 5, 595 P.2d 427 (elements for interference requires the plaintiff must show: (1) he or she had a business or contractual right that was interfered with; (2) the interference was malicious and wrongful and neither justified, privileged, nor excusable; and (3) damage and proximity sustained as result of the interference).

"To recover on a tortious interference claim under Oklahoma law, a plaintiff must establish that 'the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable.'" *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1236 (10th Cir. 2006) (quoting *Morrow Dev. Corp. v. Am. Bank & Trust Co.*, 1994 OK 26, ¶ 10, 875 P.2d 411, 416); *see also* OUJI-CIV, Inst. No. 24.2 ("Defendant's actions were intentional if it either desired to interfere with Plaintiff's contract or it was substantially certain that its actions would interfere with the contract.").  "The element of malice, for malicious interference, is

defined as an unreasonable and wrongful act done intentionally, without just cause or excuse." *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 14, 212 P.3d 1158. "This element clearly requires a showing of bad faith." *Id.* "If there is no component of unlawfulness in either the objective of the agreement or in the means by which the purpose or objective is to be accomplished, there can be no actionable tort of interference." *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, ¶ 49, 958 P.2d 128.

Plaintiff has failed to plead facts plausibly suggesting Mitchell intended to interfere with his contract with Farmers or that any actions taken by Mitchell were unlawful. Plaintiff's sole allegation that Mitchell "intended to induce Farmers Insurance to breach its policy with the Plaintiff" is a mere conclusion that is not entitled to the assumption of truth. *See Santiago*, 629 F.3d at 130. Plaintiff provides no facts suggesting Mitchell engaged in any malicious or wrongful behavior. Again, Plaintiff only provides the conclusory statement that Mitchell "prepared a fraudulent valuation." Third Amended Complaint at ¶ 63. Furthermore, Plaintiff pleads no facts suggesting Mitchell engaged in any illegal acts regarding his contract with Farmers. *Gaylord*, 1998 OK 30, ¶ 49. Plaintiff only states that Mitchell supplied "a statistically invalid and wholly arbitrary total loss valuation" to Farmers. Third Amended Complaint at ¶ 64. Even if such an allegation were true, such actions do not rise to the level of illegality or purpose or objective of the agreement. Nor does Plaintiff plead any facts suggesting such actions were unlawful. Plaintiff fails to plead plausible facts supporting essential elements of his claim for tortious interference. Accordingly, Plaintiff's claim should be dismissed.

**D.    Plaintiff fails to state a plausible claim for breach of contract against Mitchell.**

Despite the fact there is no contractual relationship between them, Plaintiff asserts a breach of contract claim against Mitchell (Count 7). This claim, too, fails as a matter of law.

To state a claim for breach of contract, Plaintiff must plead minimal factual allegations showing (1) the formation of a contract between it and Mitchell; (2) breach of the terms of the contract by Mitchell; and (3) that Plaintiff suffered damages as a direct result of the breach. *Digital Design Group, Inc. v. Info. Builders, Inc.*, 2001 OK 21, ¶ 33, 24 P.3d 834; see also Oklahoma Uniform Jury Instructions - Civil (3rd Ed.), Instruction No 23.1.  Plaintiff does not contend he formed a contract with Mitchell.  Instead, Plaintiff's breach of contract claim relies entirely on this Court granting third-party beneficiary status to Plaintiff as to a contract entered into between Farmers and Mitchell.

Oklahoma statutes provide that a contract, made expressly for the benefit of a third person, may be enforced by the third person at any time before the parties thereto rescind it.  15 O.S. § 29; *see also Drummond v. Johnson*, 1982 OK 37, ¶ 25, 643 P.2d 634 (stating where a contract is made for the express benefit of a third party, the third party beneficiary may enforce the contract). "It is not necessary that the party be specifically named as a beneficiary but only that the contract be made expressly for the benefit of a third person and expressly simply means in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." *Keel v. Titan Constr. Corp.*, 1981 OK 148, ¶ 5, 639 P.2d 1228 (internal quotations omitted).  "The primary issue in a case where the suing plaintiff claims third-party beneficiary status is whether the direct parties to the contract intended the third party to have such status." *Great Plains Federal Sav. and Loan Ass'n*, 1993 OK 4, ¶ 9, 846 P.2d 1088 (internal citation omitted).

In determining whether third party beneficiary status exists, "[t]he intent of the parties to the contract is crucial, and the intent required in such situations is an intent that the promisor not only assume a direct obligation or duty to the promisee, but also assume a similar obligation or duty to the third party; knowledge that a third party may receive incidental benefits is not

sufficient." *Briggs v. Oklahoma ex rel. Dept. of Human Services*, 472 F.Supp.2d 1288, 1293 (W.D.Okla. 2007) (citing Restatement (Second) of Contracts § 302). Plaintiff alleges he is a third-party beneficiary of agreement between Farmer's and Mitchell. Third Amended Complaint at ¶ 67.

Plaintiff failed to plead plausible facts suggesting he is expressly named as a beneficiary of the contract between Mitchell and Farmers. Nor does Plaintiff plead sufficient facts suggesting the contract between Mitchell and Famers was made expressly for the benefit of Plaintiff. *Keel*, 1981 OK 148, ¶ 5. Plaintiff must plead plausible facts indicating that some provision of the contract "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly" was made expressly for the benefit of Plaintiff. *Id.* Plaintiff's allegation that the "agreement was formed for the purpose of conferring a benefit upon insureds" is a mere conclusion that is not entitled to the assumption of truth. *See Santiago*, 629 F.3d at 130. Plaintiff's allegations, if true and taken to their logical extent, would result in every single Farmers' policyholder being considered a third-party beneficiary of the contract between Farmers and Mitchell. Not only is this result absurd, but certainly not intended by either Farmers or Mitchell.

Accordingly, if Plaintiff is not an expressly intended beneficiary of the contract, then Plaintiff could not be the intended beneficiary of any obligations of Mitchell to comply with the obligations of the contract. To put it simply, "[t]he benefit cannot be enforced if it has to be implied from the terms of the contract or results incidentally from its performance." *Oil Capital Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*, 1981 OK CIV APP 20, ¶ 19, 628 P.2d 1176 (emphasis added).

The bare, unsupported legal conclusion that Plaintiff is a third-party beneficiary is insufficient to state a claim because Plaintiff fails to allege there are contractual provisions showing "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly" that Plaintiff is an intended third-party beneficiary. *Keel*, 1981 OK 148, ¶ 5. Without being a party or third-party beneficiary to the contract, Plaintiff cannot seek relief for its alleged breach. No amendment can cure this fatal deficiency. Thus, Plaintiff's breach of contract claim against Mitchell should be dismissed with prejudice.

**E.     Plaintiff fails to state a plausible claim for conspiracy against Mitchell.**

Plaintiff alleges that Mitchell entered into a conspiracy with Farmers to violate the terms of Plaintiff's policy and defraud the Plaintiff by agreeing to undervalue and reduce claim payments for total losses. However, despite a lengthy and seemingly detailed Complaint (which contains numerous reiterations of the same factually unsupported conclusory allegations), Plaintiff fails to state a plausible claim for conspiracy against Mitchell. Plaintiff's allegations of conspiracy against Mitchell are conclusory and a mere recitation of the elements of their cause of action. Furthermore, Plaintiff fails to plead the essential elements of a conspiracy against Mitchell.

> **1.     The allegations in Plaintiff's Third Amended Complaint that Mitchell entered into a conspiracy are conclusory and mere recitation of the elements of his claim, unsupported by plausible factual allegations.**

Plaintiff alleges that Mitchell engaged in an "improper plan and scheme to under value the total loss claims of its insured, and to misrepresent, conceal and suppress the fact that it is underpaying the total loss claims of its insureds." Despite Plaintiff's claims of an "improper plan and scheme," his Third Amended Complaint only alleges conspiracy against Mitchell in the vaguest terms, making only conclusory allegations and often merely just reciting the elements of conspiracy without any factual support to suggest a plausible claim for relief.

A review of these allegations shows that Plaintiff fails to state a claim of conspiracy. Stating a claim for conspiracy "requires a complaint with enough factual matter to suggest an agreement." *Twombly*, 550 U.S. at 545. "[A] bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 545. Furthermore, "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. Plaintiff only makes bare assertions of conspiracy against Mitchell and does not provide any facts supporting the elements of a conspiracy claim. Plaintiff's allegations are insufficient.

### 2. Plaintiff fails to plead plausible facts supporting an agreement involving Mitchell.

Plaintiff's conspiracy claim against Mitchell should be dismissed because he fails to plead the particulars of the alleged agreement involving Mitchell. To prove civil conspiracy under Oklahoma law, a plaintiff must establish (1) two or more persons were involved; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful act, overt acts; and (5) damages as the proximate result. *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F.Supp.2d 1249, 1268 (W.D. Okla. 2012). In other words, "[a] civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Roberson v. PaineWebber, Inc.*, 2000 OK CIV APP 17, ¶ 21, 998 P.2d 193; *see also Shadid v. Monsour*, 1987 OK CIV APP 48, ¶ 18, 746 P.2d 685 ("To constitute a conspiracy, there must be a meeting of the minds on the course of action, coupled with an intent to commit the fraudulent acts which result in the injury. The agreement is a matter of inference from the facts and circumstances of the alleged conspirators. The question is whether the circumstances, considered as a whole, show that the parties united to accomplish the fraudulent scheme."). Oklahoma does not recognize civil conspiracy as an independent cause of action, but rather an underlying unlawful act is necessary to prevail on a civil conspiracy claim.

*Id.* "In essence, a civil conspiracy claim enlarges the pool of potential defendants from whom a plaintiff may recover for an underlying tort." *Gaylord Entertainment Co. v. Thompson*, 1998 OK 30, n. 85, 958 P.2d 128.

To make out a prima facie case of conspiracy, the evidence must be clear and convincing and must do more than raise a suspicion, it must lead to belief. *Dill v. Rader*, 1978 OK 78, ¶ 8, 583 P.2d 496. Evidence must be produced from which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise. *Id.* An allegation of agreement between co-conspirators "must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." *Kendall v. Visa*, 518 F.3d 1042, 1047 (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 564 n.10). Furthermore, because conspiracy to commit fraud is so closely tied to the requisite underlying act of fraud, it follows that allegations of conspiracy to commit fraud must be set forth with the same particularity that is required for alleging the predicate fraud. *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985) ("[W]here fraud lies at the core of the action, [Fed. R. Civ. P.] 9(b) applies."). Thus, because "[c]onspiracy to defraud allegations must also comply with the precepts of Rule 9(b). . . . Each element of civil conspiracy, including [each] individual defendants' involvement in the conspiracy, must be pled with some specificity." *Deere & Co. v. Zahm*, 837 F. Supp. 346, 349-50 (D. Kan. 1993) (citing, inter alia, *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159, 1162-63 (10th Cir. 1991)). Therefore, to state a claim for conspiracy, the "plaintiff must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement." *Southern Union Co. v. Southwest Gas Corp.*, 165 F. Supp. 2d 1010, 1020 (D. Ariz. 2001)

(interpreting the law of civil conspiracy as defined in Oklahoma, California, Arizona, and Nevada).

Plaintiff certainly does not plead specific times, places, or persons involved in any alleged agreement involving Mitchell. Instead, Plaintiff makes conclusory allegations of an agreement. Plaintiff refers to "an improper plan and scheme" and states that "Farmers Insurance and J.D.P. AND M entered into an agreement and conspiracy." *See* Third Amended Complaint at Introduction and ¶ 25. These allegations are conclusory and mere recitation of the elements of their cause of action. Plaintiff's allegations regarding a conspiracy stop far short of the line between possibility and plausibility of wrongful conduct. *Twombly*, 550 U.S. at 557. The only agreement between Farmers and Mitchell is the contract attached as Exhibit 1 and there is nothing "illegal" about the contract or the services provided under the contract. Plaintiff is obligated to provide more than labels and conclusions or a formulaic recitation of the elements of his cause of action. *Twombly*, 550 U.S. at 555. Plaintiff's conspiracy claim is insufficient and must be dismissed because he fails to plead plausible facts supporting an essential element of his claim: an agreement involving Mitchell.

## IV.  CONCLUSION

Plaintiff's Third Amended Complaint fails to sufficiently state a plausible claim for relief against Mitchell. Accordingly, Mitchell should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

- 17 -

        DOERNER, SAUNDERS, DANIEL  
          & ANDERSON, L.L.P.

By: s/ *Kenneth T. Short*  
    Michael S. Linscott, OBA No. 17266  
    Kenneth T. Short, OBA No. 22712  
    Two West Second Street, Suite 700  
    Tulsa, Oklahoma 74103-3117  
    Telephone: 918.582.1211  
    Facsimile: 918.591.5360  
    mlinscott@dsda.com  
    kshort@dsda.com

    ATTORNEYS FOR DEFENDANT  
    MITCHELL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on the **28th** day of **August**, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Mark H. Colbert – colbertlawoffice@yahoo.com

      Jonathan Waller – jwaller@wal-law.com

      Ashley M. Bibb – abibb@trsvlaw.com

      Neil D. Van Dalsem – nvandalsem@trsvlaw.com

      Robert H. Taylor – rtaylor@trsvlaw.com

       s/ Kenneth T. Short
      Kenneth T. Short

3166370v1