IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM HAMON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 14-CV-00161-JHP |
| FARMERS INSURANCE COMPANY, INC., ) | Judge James H. Payne |
| MCGRAW HILL FINANCIAL, INC., and ) | |
| MITCHELL INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MITCHELL INTERNATIONAL'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6) [DKT 42]**

DOERNER, SAUNDERS, DANIEL
 & ANDERSON, L.L.P.

Michael S. Linscott, OBA No. 17266
Kenneth T. Short, OBA No. 22712
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone: 918.582.1211
Facsimile: 918.591.5360
mlinscott@dsda.com
kshort@dsda.com

ATTORNEYS FOR DEFENDANT
MITCHELL INTERNATIONAL, INC.

Defendant Mitchell International, Inc. ("Mitchell"), pursuant to LCvR 7.1(k) submits this Reply Brief in support of its Motion to Dismiss [DKT 42] Plaintiff's Third Amended Complaint.

## I. PROCEDURAL HISTORY

On April 28, 2014, this action was removed from the District Court of Carter County. On July 1, 2014, Mitchell filed a Motion to Dismiss [DKT 28] Plaintiff's Second Amended Complaint. On July 25, 2014, Plaintiff filed his Response in Opposition [DKT 36] to Mitchell's Motion to Dismiss and on August 8, 2014, Mitchell filed its Reply Brief [DKT 38] in support of the Motion to Dismiss. However, also on August 8, 2014, Plaintiff received leave from the Court to file a Third Amended Complaint. *See* Minute Order, DKT 37. On August 14, 2014, Plaintiff filed his Third Amended Complaint [DKT 39]. As noted by Plaintiff, his Third Amended Complaint merely "substituted J.D. Powers and Associates for McGraw Hill Financial, Inc." *See* DKT 49. Per the Court's instructions regarding the docket and record, Mitchell filed a Motion to Dismiss [DKT 42] the Third Amended Complaint in lieu of adopting the previously filed Motion to Dismiss. Stating that besides the substitution of parties "the Third Amended Complaint is the same as the Second Amended Complaint," Plaintiff filed a Response [DKT 49] to the Motion to Dismiss adopting the arguments asserted in his prior Response brief [DKT 36]. In order to maintain the clarity of the docket in this matter, Mitchell submits this Reply Brief in support of its Motion to Dismiss [DKT 42] Plaintiff's Third Amended Complaint.

## II. INTRODUCTION

Plaintiff alleges in a multi-defendant complaint that he is the victim of a vast conspiracy among all Defendants. Mitchell moved to dismiss. Plaintiff responded with a response brief which merely refers to the conclusory allegations found in his Third Amended Complaint. Plaintiff still fails to identify facts sufficient to state any plausible claim for relief against

Mitchell. He is still unable to answer the hard, but required, question: What facts, not colorful conclusions, show Mitchell did something wrong?

Analyzing a pleading under *Twombly* involves three plain steps. First, the elements of the claim must be identified. Second, any allegation that is simply a conclusion must be disregarded. Third, the remaining factual allegations, and only those allegations, are reviewed by the Court to decide if those facts give rise to a facially plausible claim. Sheer possibility is not sufficient. Neither are facts that are simply consistent with alleged liability. Rather, the facts must move the account of otherwise commercial activities into the realm of the actionable. This can only be done by specific pleading of facts establishing, if true, affirmative wrongdoing.

This is where Plaintiff fails. Plaintiff alleges that Mitchell's Motion to Dismiss ignores his allegations regarding the alleged "improper inclusion of non-comparable vehicles in its Report" and that the Report's alleged undervaluation of his vehicle establishes the claims asserted in his Third Amended Complaint. Plaintiff misses the point. There is too little detail to support any cause of action. The existence of a report prepared by Mitchell, even if it allegedly undervalued Plaintiff's vehicle, does not establish the claims asserted against Mitchell. The Third Amended Complaint's fatal flaw is that it has too many bare conclusions, rote recitations of claim elements, and irrelevant filler. It has too few well-pled facts to support the colorful rhetoric.

### III.  ARGUMENT AND AUTHORITIES

**A.    Plaintiff fails to state a claim for unjust enrichment against Mitchell.**

Plaintiff's unjust enrichment claim against Mitchell (Count 1) does not allege how Mitchell was unjustly enriched even if Farmers did under-value Plaintiff's total loss claim. Plaintiff alleges that Mitchell is unjustly enriched due to an alleged unlawful reduced valuation of his truck provided to Plaintiff by Farmers. *See* Third Amended Complaint at ¶ 38. In his

Response Brief, Plaintiff further states that "Mitchell developed and sold the invalid and distorted Mitchell Report to Farmers . . . knowing it would be used to calculate total loss insureds' claims like Hamon's, and resulting in substantial under valuing of total loss insureds claims."  DKT 36 at pp. 11.  This still does not address exactly how Mitchell was unjustly enriched.  Even if true, Mitchell simply sold an invalid valuation report to Farmers.  Mitchell has a contract with Farmers, not the Plaintiff. Plaintiff merely states that Mitchell "shared in Farmers Insurance's illegal profits from this scheme via its contract to provide the unlawful valuations." Third Amended Complaint at ¶ 25.  This conclusory allegation must be disregarded as there are no facts plead to show that the contract payment to Mitchell from Farmers, or any other benefit, is derived by Mitchell because of any lower valuation of Plaintiff's vehicle.  Plaintiff must plead plausible facts supporting each element of his claim.  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 554-5 (2007).  Because Plaintiff fails to plead facts plausibly showing that Mitchell retained any benefit *at Plaintiff's expense*, his unjust enrichment claim should be dismissed.

**B.     Plaintiff fails to state a plausible claim for fraudulent misrepresentation against Mitchell.**

Plaintiff's claim against Mitchell for fraudulent misrepresentation (Count 3) fails because Plaintiff does not allege any representations that Mitchell made to Plaintiff, much less allege the "who, what, when and where" required under the applicable federal pleading standards.  Under Oklahoma law, to state a claim for fraud, Mitchell must allege a false material misrepresentation, made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth.  *Bowman v. Presley*, 2009 OK 48, ¶13, 212 P.3d 1210.  Furthermore, federal pleading standards require Mitchell to "state with particularity the circumstances constituting fraud."  Fed.R.Civ.P. 9(b).  "More specifically, [the Tenth Circuit] requires a complaint alleging fraud to set forth the time, place and contents of the false representation, the

identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citation omitted).

Plaintiff alleges in his Response Brief that "Mitchell misrepresented that its Mitchell Report was an accurate and lawful valuation method." DKT 36 at pp. 12. Even if Mitchell made such a misrepresentation, Plaintiff fails to allege when, where and how exactly such a misrepresentation was *made to him*. Plaintiff further alleges he has met the stringent pleading requirements of Fed.R.Civ.P. 9(b) because "Mitchell prepared its report specifically for the Hamon vehicle." DKT 36 at pp. 12. This still does not constitute an actual misrepresentation *made to Plaintiff*. Plaintiff fails to plead facts plausibly suggesting Mitchell made a false material representation to Plaintiff. Plaintiff still fails to allege that he had *any type of contact whatsoever* with Mitchell or its employees, much less that any representation made to him by Mitchell was false. Accordingly, Plaintiff has not stated a claim against Mitchell for fraudulent misrepresentation.

## C.   Plaintiff fails to state a plausible claim for tortious interference against Mitchell.

Plaintiff claims in Count 6 that Mitchell tortiously interfered with its insurance contract with Farmers resulting in Farmers breaching the contract. To state a claim for tortious interference with an existing contract under Oklahoma law, a plaintiff must allege that the defendant *intentionally interfered* with the contract or induced the third party to breach the contract, or made it impossible for the contract to be performed using improper or unfair means. *See Mac Adjustment, Inc. v. Property Loss Research Bureau*, 1979 OK 41, ¶ 5, 595 P.2d 427. A "[d]efendant's actions were intentional if it either desired to interfere with Plaintiff's contract or it was substantially certain that its actions would interfere with the contract." OUJI-CIV, Inst. No. 24.2. "The element of malice, for malicious interference, is defined as an unreasonable and

wrongful act done *intentionally*, without just cause or excuse." *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 14, 212 P.3d 1158 (emphasis added).

Plaintiff alleges that he has pled a claim for tortious interference because Mitchell "was aware Farmers would be using its invalid Mitchell Report to (under) value total loss insureds such as Hamon's claims when it sold the invalid valuation program to Farmers." DKT 36 at pp. 13. Even if true, awareness does not indicate intent. Plaintiff has failed to plead facts plausibly suggesting Mitchell intended to interfere with his contract with Farmers or that any actions taken by Mitchell were unlawful. Plaintiff's Third Amended Complaint only contains conclusory allegations that Mitchell "intended to induce Farmers to breach its policy with the Plaintiff." Plaintiff fails to plead any plausible facts suggesting Mitchell actually intended to interfere with his contract with Farmers.

### D.  Plaintiff fails to state a plausible claim for breach of contract against Mitchell.

Plaintiff's breach of contract claim against Mitchell (Count 7) fails to allege that he was an intended third-party beneficiary of the agreement between Mitchell and Farmers. Under Oklahoma law, a contract, made expressly for the benefit of a third person may be enforced by the third person at any time before the parties thereto rescind it. 15 O.S. § 29. "It is not necessary that the party be specifically named as a beneficiary but only that the contract *be made expressly for the benefit of a third person* and expressly simply means in an express manner; in direct or unmistakable terms; explicitly; definitely; directly." *Keel v. Titan Constr. Corp.*, 1981 OK 148, ¶ 5, 639 P.2d 1228 (internal quotations omitted) (emphasis added). "The primary issue in a case where the suing plaintiff claims third-party beneficiary status is whether the direct parties to the contract intended the third party to have such status." *Great Plains Federal Sav. and Loan Ass'n*, 1993 OK 4, ¶ 9, 846 P.2d 1088 (internal citation omitted). In determining

whether third party beneficiary status exists, "[t]he intent of the parties to the contract is crucial, and the intent required in such situations is an intent that the promisor not only assume a direct obligation or duty to the promisee, but also assume a similar obligation or duty to the third party; knowledge that a third party may receive incidental benefits is not sufficient." *Briggs v. Oklahoma ex rel. Dept. of Human Services*, 472 F.Supp.2d 1288, 1293 (W.D.Okla. 2007) (citing Restatement (Second) of Contracts § 302).

Plaintiff alleges that "the contract between Mitchell and Farmers at all times relevant hereto was intended to confer a direct benefit upon total loss insureds like Hamon through the provision of Mitchell's valuation method." DKT 36 at pp. 14. Plaintiff further alleges that he was an intended third-party beneficiary because "the Mitchell report specifically related to Hamon's vehicle." *Id.* at pp. 13. Despite Plaintiff's assertions otherwise, he still hasn't plead sufficient facts suggesting the contract between Mitchell and Famers was made "expressly for the benefit" of Plaintiff. *Keel*, 1981 OK 148, ¶ 5. Plaintiff must plead plausible facts indicating that some provision of the contract between Mitchell and Farmers "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly" was made expressly for the benefit of Plaintiff. *Id.* Plaintiff fails to plead this. Every single Farmers' insured, including Plaintiff, was not the intended beneficiary of Farmers' contract with Mitchell. The services provided by Mitchell to Farmers were to assist Farmers in honoring its duties to its insureds who suffered a total loss on a vehicle. In the insurance context, Farmers has non-delegable duties to its insured under its contract of insurance as well as the duty of good faith and fair dealing. Mitchell is not Plaintiff's insurance company and has no such obligations to the Plaintiff. The contract between Farmers and Mitchell was only intended to assist Farmers in performing its non-delegable duties to its insureds. These duties cannot be assumed by Mitchell. No further amended pleading can

cure the fact that Plaintiff is not a third-party beneficiary of the contract between Mitchell and Farmers. Plaintiff's breach of contract claim against Mitchell should be dismissed.

**E.       Plaintiff civil conspiracy claim fails to plead an agreement involving Mitchell.**

Plaintiff's conspiracy claim fails because there are not adequate facts pled to show an agreement involving Mitchell. Under Oklahoma law, to establish a civil conspiracy, a plaintiff must show "a meeting of minds on the object or course of action" between "two or more persons." *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F.Supp.2d 1249, 1268 (W.D. Okla. 2012). In other words, "[a] civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." Roberson v. PaineWebber, Inc., 2000 OK CIV APP 17, ¶ 21, 998 P.2d 193; *see also Shadid v. Monsour*, 1987 OK CIV APP 48, ¶ 18, 746 P.2d 685 ("To constitute a conspiracy, there must be a meeting of the minds on the course of action."). Plaintiff does not adequately plead any type of agreement between Mitchell and Farmers.

Plaintiff alleges that Mitchell entered into a conspiracy with Farmers to violate the terms of Plaintiff's policy and defraud the Plaintiff by agreeing to undervalue and reduce claim payments for total losses. However, the Third Amended Complaint "furnishes no clue as to . . . when and where the illicit agreement took place" and is therefore not sufficient. *Twombly*, 550 U.S. at 565 n. 10. An allegation of agreement between co-conspirators "must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." *Kendall v. Visa*, 518 F.3d 1042, 1047 (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 564 n.10). ). Furthermore, because conspiracy to commit fraud is so closely tied to the requisite underlying act of fraud, it follows that allegations of conspiracy to commit fraud must be set forth with the same particularity that is required for alleging the predicate fraud. *Hayduk v. Lanna*, 775 F.2d 441,

443 (1st Cir. 1985) ("[W]here fraud lies at the core of the action, [Fed. R. Civ. P.] 9(b) applies."). Plaintiff does not plead specific times, places, or persons involved in any alleged agreement involving Mitchell.

Nor does Plaintiff's Response Brief offer the Court any gap filler for the missing requisite time, place, and manner allegations. Instead, Plaintiff merely states "there is nothing vague or conclusory about the allegation that Mitchell, in concert with the other Defendants, entered into an illicit agreement to pay total loss insureds' claims improperly" and "there is nothing vague or conclusory about the allegations that Mitchell and the other Defendants conspired." DKT 36 at p. 15. This is a prime example of the mere rhetoric unsupported by fact that is rampant throughout the Third Amended Complaint. Those allegations are entirely vague and conclusory because they do not contain the elements required to state a claim for conspiracy under both Oklahoma law and Fed.R.Civ.P. 8 and 9. They contain nothing specific regarding the alleged conspiracy. The Court should "not consider any conclusory allegations that there was a 'corrupt conspiracy,' 'an agreement,' or 'an understanding in place between the Defendants" because "conclusory nature of [such] allegations . . . makes them unacceptable." *Superior Offshore Int'l, Inc. v. Bristow Group Inc.*, 738 F.Supp.2d 505, 512 (D. Del. 2010) (internal citation omitted); *see also Twombly*, 550 U.S. at 564 ("a few stray statements speak[ing] directly of agreement ... are merely legal conclusions resting on [ ] prior allegations.")

## IV. CONCLUSION

Plaintiff's Response Brief is like his Third Amended Complaint, "full of sound and fury, signifying nothing." Plaintiff's Third Amended Complaint fails to sufficiently state a plausible claim for relief against Mitchell. Plaintiff's request in his Response Brief to avoid dismissal by amending his Third Amended Complaint should be denied. The pleading failures of the Third Amended Complaint are fatal and cannot be cured by an amended pleading. Furthermore, any

such amendment would be the third complaint filed by Plaintiff.  At some point, it must be determined whether Plaintiff has actually stated a claim for relief against Mitchell.  He has not.  Accordingly, all claims asserted against Mitchell should be dismissed.

        DOERNER, SAUNDERS, DANIEL
          & ANDERSON, L.L.P.


By:s/ *Kenneth T. Short*
    Michael S. Linscott, OBA No. 17266
    Kenneth T. Short, OBA No. 22712
    Two West Second Street, Suite 700
    Tulsa, Oklahoma 74103-3117
    Telephone: 918.582.1211
    Facsimile: 918.591.5360
    mlinscott@dsda.com
    kshort@dsda.com

    ATTORNEYS FOR DEFENDANT
    MITCHELL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on the **17th** day of **September**, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

      Mark H. Colbert – colbertlawoffice@yahoo.com

      Ashley M. Bibb – abibb@trsvlaw.com

      Neil D. Van Dalsem – nvandalsem@trsvlaw.com

      Robert H. Taylor – rtaylor@trsvlaw.com

      Jonathan H. Waller – jwaller@waller-law.com

      Gregory T. Metcalfe – gmetcalfe@gablelaw.com

      Sidney G. Dunagan – sdunagan@gablelaw.com

    s/ *Kenneth T. Short*
    Kenneth T. Short

3185818v1