**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

TIM HAMON,

        Plaintiff,

v.

FARMERS INSURANCE COMPANY,
Inc.;
J.D. POWER AND ASSOCIATES; and
MITCHELL INTERNATIONAL, Inc.,

        Defendants.

Case No. 14-CV-00161-JHP

**DEFENDANT J.D. POWER AND ASSOCIATES'**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Sidney G. Dunagan, OBA # 2524
Gregory T. Metcalfe, OBA # 19526
Paula M. Williams, OBA # 30772
**GABLEGOTWALS**
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK  73102-7101
(405) 235-5500 | (405) 235-2875 (fax)
SDunagan@gablelaw.com
GMetcalfe@gablelaw.com
PWilliams@gablelaw.com

***ATTORNEYS FOR DEFENDANT***
***J.D. POWER AND ASSOCIATES***

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ...............................................................................................................1

STANDARD OF REVIEW ..............................................................................................3

ARGUMENT AND AUTHORITIES ..............................................................................4

    I.    Plaintiff fails to state a plausible claim for unjust enrichment and constructive trust against J.D. Power. ..............................................................4

        A.    J.D. Power was not unjustly enriched at Plaintiff's expense. ......................4

            1.    Plaintiff suffered no detriment. ........................................................4

            2.    Plaintiff has not pleaded facts showing J.D. Power was unjustly enriched. .........................................................................5

        B.    Plaintiff's "constructive trust" claim is fatally deficient because it is a remedy, not a cause of action. .............................................................6

    II.    Plaintiff fails to state a plausible claim against J.D. Power for fraudulent misrepresentation. ...................................................................................7

        A.    Plaintiff cannot make a claim against J.D. Power without identifying a misrepresentation and injury resulting from that misrepresentation. .......................................................................8

        B.    Plaintiff failed to plead with particularity. ....................................................9

    III.    Plaintiff fails to state a plausible claim for tortious interference against J.D. Power. .............................................................................................9

    IV.    Plaintiff fails to state a plausible claim for breach of contract against J.D. Power. ............................................................................................11

    V.    Plaintiff fails to state a plausible claim for conspiracy against J.D. Power. ..........13

        A.    Without an underlying offense, there is no civil conspiracy. ....................13

        B.    The allegations in Plaintiff's Third Amended Complaint that J.D. Power entered into a conspiracy are conclusory and unsupported by plausible factual allegations. ................................................................14

CONCLUSION ...............................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                          <u>Page(s)</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................2, 3, 6, 9, 14, 15

*Bourke v. W. Bus. Prods., Inc.*,
    120 P.3d 876 (Okla. Civ. App. 2005) ...............................................7

*Bowman v. Presley*,
    212 P.3d 1210 (Okla. 2009) ...............................................................7

*Bridges v. Bridges*,
    544 P.2d 493 (Okla. 1975) .................................................................8

*Briggs v. Okla. ex rel. Dept. of Human Servs.*,
    472 F. Supp. 2d 1288 (W.D. Okla. 2007) .......................................12

*Brock v. Thompson*,
    948 P.2d 279 (Okla. 1997) ...............................................................13

*Click v. Sunoco, Inc.*,
    No. 06-CV-0518-CVE-FHM, 2007 WL 593618
    (N.D. Okla. Feb. 21, 2007) ............................................................6, 7

*Deskins v. Fidelity Nat. Bank of Okla. City*,
    80 P.2d 265 (Okla. 1938) ...................................................................8

*Digital Design Group, Inc. v. Info. Builders, Inc.*,
    24 P.3d 834 (Okla. 2001) .................................................................11

*Dill v. Rader*,
    583 P.2d 496 (Okla. 1978) ...............................................................14

*Drummond v. Johnson*,
    643 P.2d 634 (Okla. 1982) ...........................................................11, 12

*Gaskins v. Texon, LP*,
    321 P.3d 985 (Okla. Civ. App. 2014) ...............................................6

*Gaylord Entm't Co. v. Thompson*,
    958 P.2d 128 (Okla. 1998) ...........................................................10, 13

*Great Plains Fed. Sav. and Loan Ass'n*,
    846 P.2d 1088 (Okla. 1993) .............................................................12

*Harvell v. Goodyear Tire and Rubber Co.*,
   164 P.3d 1028 (Okla. 2006)................................................................4

*Hitch Enters., Inc. v. Cimarex Energy Co.*,
   859 F. Supp. 2d 1249 (W.D. Okla. 2012) ........................................14

*In re Pardee*,
   433 B.R. 377 (N.D. Okla. 2010) ........................................................6

*Kansas Penn Gaming, LLC v. Collins*,
   656 F.3d 1210 (10th Cir. 2011) ...................................................3, 15

*Keel v. Titan Constr. Corp.*,
   639 P.2d 1228 (Okla. 1981) .............................................................12

*Koch v. Koch Indus., Inc.*,
   203 F.3d 1202 (10th Cir. 2000) ......................................................7, 9

*Oil Capital Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*,
   628 P.2d 1176 (Okla. Civ. App. 1981) .............................................12

*Pace v. Swerdlow*,
   519 F.3d 1067 (10th Cir. 2008) .........................................................4

*Peterson v. Grisham*,
   No. CIV-07-317-RAW, 2008 WL 4363653
   (E.D. Okla. Sept. 17, 2008).................................................13, 14, 16

*Nat'l Motosport Ass'n, LLC v. ABC Race Ass'n, Inc.*,
   No. CIV-12-113, 2013 WL 268987
   (W.D. Okla. Jan. 24, 2013) ...............................................................10

*N.C. Corff P'ship, Ltd. v. OXY, USA, Inc.*,
   929 P.2d 288 (Okla. Civ. App. 1996) ..............................................4, 5

*Ray v. Am. Nat'l Bank & Trust Co.*,
   894 P.2d 1056 (Okla. 1994).............................................................10

*Ridge at Red Hawk, L.L.C. v. Schneider*,
   493 F.3d 1174 (10th Cir. 2007) ..........................................................3

*Roberson v. PaineWebber, Inc.*,
   998 P.2d 193 (Okla. Civ. App. 2000) .................................................4

*S. Union Co. v. Sw. Gas Corp.*,
   165 F. Supp. 2d 1010 (D. Ariz. 2001) .........................................14, 15

*Tice v. Tice*,
  672 P.2d 1168 (Okla. 1983) ............................................................7

*Tuffy's Inc. v. City of Okla. City*,
  12 P.3d 1158 (Okla. 2009) ............................................................10

*Valley View Angus Ranch v. Duke Energy Field Servs.*,
  No. CIV-04-191-D, 2008 WL 1902435
  (W.D. Okla. Apr. 25, 2008) ..........................................................4, 5

*Wilspec Tech., Inc. v. Dunan Holding Group Co., Ltd.,*
  204 P.3d 69 (Okla. 2009) .............................................................9, 10

**Statutes**                                                                **Page(s)**

15 O.S. § 29 .................................................................................11

Oklahoma Uniform Jury Instructions - Civil (3rd Ed.), Instruction No 23.1 ...............................11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

TIM HAMON,

             Plaintiff,

v.

FARMERS INSURANCE COMPANY, Inc.;
J.D. POWER AND ASSOCIATES; and
MITCHELL INTERNATIONAL, Inc.,

             Defendants.

Case No. 14-CV-00161-JHP

## DEFENDANT J.D. POWER AND ASSOCIATES'
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant J.D. Power and Associates ("J.D. Power"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court to dismiss all claims asserted against it in Plaintiff's Third Amended Complaint. For its Motion to Dismiss, J.D. Power states as follows:

### INTRODUCTION

This lawsuit arises out of a dispute between Plaintiff and his auto insurer, Defendant Farmers Insurance Company ("Farmers"), about whether Farmers breached its insurance contract with Plaintiff in the valuation of Plaintiff's vehicle loss claim. Evidently, Farmers employed at least two tools to help arrive at a value of Plaintiff's vehicle. Farmers used a software product developed by Mitchell International, Inc. ("Mitchell") known as the WorkCenter Total Loss ("WCTL") to prepare a report that Plaintiff refers to as the "Mitchell Report." (*See* Plaintiff's Response to Defendant Mitchell's Motion to Dismiss ("Plaintiff's Response") [Dkt. 36] at p. 2, n.2; p. 5[1]). Additionally, Plaintiff and Farmers both agreed to obtain appraisals of the vehicle.

---

[1] According to Plaintiff: (continued on next page)

(*Id*. at 9.)  The Farmers' appraisal "is fully consistent with the NADA valuation [which Plaintiff maintains is a "generally accepted" reference for vehicle valuation] and Plaintiff's allegations of value in the Complaint."  (*Id*.; Third Amended Complaint [Dkt. 39] ¶ 9.)

J.D. Power has no association or contract with Farmers or Plaintiff.  In order to somehow tie J.D. Power to Plaintiff's alleged injury, Plaintiff lumps J.D. Power and Mitchell together, referring to them throughout the Third Amended Complaint collectively as "J.D.P. and M".  However, as recognized by Plaintiff, J.D. Power and Mitchell are two separate companies (Third Amended Complaint [Dkt. 39] ¶¶ 3-4), and Plaintiff has failed to allege facts sufficient to impute the two companies' actions for purposes of liability.

Moreover, Plaintiff's Third Amended Complaint ultimately fails to state a claim because Plaintiff has not been damaged.  According to Plaintiff, neither Plaintiff nor Farmers relied on the Mitchell Report for the ultimate valuation of Plaintiff's vehicle.  Instead, they agreed to value Plaintiff's vehicle by appraisal, and Plaintiff admits that the Farmers' appraisal is "fully consistent" with Plaintiff's own valuation.  (Plaintiff's Response [Dkt. 36] at 9-10.)

Although this should be a relatively straight-forward dispute between **Plaintiff and Farmers** regarding the proper valuation of Plaintiff's vehicle, Plaintiff now alleges in a multi-defendant complaint he is the victim of a vast conspiracy among all Defendants that supposedly originated before Plaintiff even purchased his policy with Farmers.  Yet, as the Supreme Court instructed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a lawsuit based on such conspiratorial theories must be premised on more than mere conjecture.  *Id*. at 545 (holding "that

---

Defendant Mitchell developed and sold the vehicle valuation report known as the "Mitchell Report" (referred to as the "WCTL" in the Motion to Dismiss), knowing it was intended to be and would be used by Farmers to determine what Defendants purport without justification to be the fair retail value of insureds' total loss vehicles such as Hamon's prior to the loss.

stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made").

As set forth below, each of Plaintiff's claims fail, and J.D. Power should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The plausibility standard requires showing "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  A complaint which pleads facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement of relief.'"  *Id.*

Additionally, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "[I]n ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

The *Twombly/Iqbal* formulation "serves two purposes: 'to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense,'

and 'to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'" *Id.* at 1215 (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008)).

**ARGUMENT AND AUTHORITIES**

I.   **Plaintiff fails to state a plausible claim for unjust enrichment and constructive trust against J.D. Power.**

    **A. J.D. Power was not unjustly enriched at Plaintiff's expense.**

Unjust enrichment is a condition which results from the failure of a party to make restitution in circumstances where it is inequitable, *i.e.* the party has money in its hands that, in equity and good conscience, it should not be allowed to retain.   *Harvell v. Goodyear Tire and Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006).   The inequity of retaining a benefit can spring from a variety of sources, such as fraud or misrepresentation, in which the recipient has received a benefit for which he has not responded with a quid pro quo.   *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 200 (Okla. Civ. App. 2000).   In order to recover for unjust enrichment, however, there must be some detriment to Plaintiff which resulted in a benefit to J.D. Power.   *See Valley View Angus Ranch v. Duke Energy Field Servs.*, No. CIV-04-191-D, 2008 WL 1902435 at *4 (W.D. Okla. Apr. 25, 2008) ("[A] plaintiff must show that the defendant either retained a benefit or avoided an expense and that, as a result, the plaintiff suffered a detriment."); *see also N.C. Corff P'ship, Ltd. v. OXY, USA, Inc.*, 929 P.2d 288, 295 (Okla. Civ. App. 1996).

       1.   Plaintiff suffered no detriment.

Plaintiff's unjust enrichment claim against J.D. Power (Count 1) should be dismissed because Plaintiff himself admits that Farmers' most recent valuation of his vehicle is in line with acceptable industry standards and comports with Plaintiff's own valuation of his vehicle; meaning, Plaintiff has not been damaged even if his allegations are true.   (*See* Plaintiff's

4

Response [Dkt. 36] at 9-10; Third Amended Complaint [Dkt. 39] ¶¶ 9, 21.)  Plaintiff's lawsuit is premised on the allegation that "avoidance of the NADA value and/or dealer quotes as hereinafter referenced effectively denies the Plaintiff the ability to replace his vehicle in the local market area at retail price." (Third Amended Complaint [Dkt. 39] ¶ 21.)  In his Third Amended Complaint, Plaintiff specifically recognizes that these National Automobile Dealers Association ("NADA") valuations are "generally accepted" and "regularly used in the automobile and automobile finance industries to establish the fair retail value of automobiles . . . ."  (*Id.* ¶ 9.)

Plaintiff also admits that:

> Plaintiff and Farmers both agreed to obtain appraisals after the filing of the Complaint.  There should be **no dispute** about the authenticity of the Farmers' appraisal.  In any event, **it is fully consistent with the NADA valuation and Plaintiff's allegations of the value in the Complaint**.

(Plaintiff's Response [Dkt. 36] at 9-10 (emphasis added).)  In other words, Farmers has valued Plaintiff's vehicle at a price comparable to Plaintiff's own valuation and using reference materials acceptable to Plaintiff.   Thus, **Plaintiff suffered no detriment**.  Farmers has not "avoid[ed] the NADA value" or "denie[d] Plaintiff the ability to replace his vehicle in the local market area at retail price." (Third Amended Complaint ¶ 21.)  Without detriment, Plaintiff cannot show that J.D. Power was unjustly enriched at his expense.  *See Valley View Angus Ranch*, 2008 WL 1902435 at *4; *N.C. Corff P'ship, Ltd.*, 929 P.2d at 295.

2.     Plaintiff has not pleaded facts showing J.D. Power was unjustly enriched.

Even assuming, arguendo, that one of the tools Farmers referenced in arriving at a final valuation of Plaintiff's vehicle—the Mitchell Report—reflected a valuation lower than the NADA value or the private appraisal, Plaintiff does not allege facts reflecting that J.D. Power was unjustly enriched.  (Third Amended Complaint [Dkt. 39] ¶ 38.)  Plaintiff offers the conclusory assertion that "J.D.P. AND M. shared in Farmers Insurance's illegal profits from this

scheme **via its contract to provide the unlawful valuations**." (Third Amended Complaint [Dkt. 39] ¶ 25 (emphasis added).) The Supreme Court has confirmed, however, that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. Plaintiff fails to allege any facts supporting retention of purportedly illegal profits by J.D. Power aside from Plaintiff's pure speculation as to an agreement otherwise. As such, Plaintiff's unjust enrichment claim should be dismissed with prejudice as to J.D. Power.

### B. Plaintiff's "constructive trust" claim is fatally deficient because it is a remedy, not a cause of action.

Plaintiff's constructive trust "claim" (also Count 1) is merely an equitable remedy, not an actionable claim for relief. *Gaskins v. Texon, LP*, 321 P.3d 985, 989 n. 5 (Okla. Civ. App. 2014) ("Implied trusts are equitable remedies which arise entirely by implication of law and are either constructive or resulting trusts."). In Plaintiff's Response, Plaintiff clarified his claim for "constructive trust" was not a freestanding cause of action, but rather a prayer for the imposition of a constructive trust as an equitable remedy to his unjust enrichment claim. (Plaintiff's Response [Dkt. 36] at 11.) Because Plaintiff does not have an unjust enrichment claim, he has no basis for an equitable remedy.

Even if Plaintiff had pleaded a claim for unjust enrichment, a constructive trust requires identification of specific property belonging to the claimant. *See In re Pardee*, 433 B.R. 377, 387 (N.D. Okla. 2010) ("A constructive trust imposes an equitable duty to convey **specific property** to another.") (emphasis added); *Click v. Sunoco, Inc.*, No. 06-CV-0518-CVE-FHM, 2007 WL 593618 at *5 (N.D. Okla. Feb. 21, 2007) (requiring that property be identified and clearly traceable to particular funds or property in defendant's possession). A general claim for money damages will not give rise to a constructive trust. *See Click*, 2007 WL 593618 at *5

(recognizing the equitable nature of restitution is distinguishable from a claim seeking monetary damages).   Plaintiff has only claimed money damages, and has not identified any specific property belonging to him over which the Court can impose a constructive trust.    Thus, Plaintiff's claim fails as a matter of law.

## II.   **Plaintiff fails to state a plausible claim against J.D. Power for fraudulent misrepresentation.**

In Oklahoma, the elements of actionable fraud are (1) a false material misrepresentation, (2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, (3) with the intention that it be acted upon, and (4) which is relied on by the other party to his own detriment.  *Bowman v. Presley*, 212 P.3d 1210, 1217-18 (Okla. 2009). The basis of fraudulent misrepresentation is the creation of a false impression and damages sustained as a **natural and probable consequence** of the act charged.  *Tice v. Tice*, 672 P.2d 1168, 1171 (Okla. 1983).  Moreover, Plaintiff must plead fraud with particularity, Fed. R. Civ. P. 9(b); must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof," *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citation omitted); and must ultimately prove each and every element by clear and convincing evidence, *Tice*, 672 P.2d at 1171.  *See also Bourke v. W. Bus. Prods., Inc.*, 120 P.3d 876, 886 (Okla. Civ. App. 2005) ("[T]he law presumes honesty and fair dealing, and fraud may not be inferred from acts which are consistent with honesty of purpose.  When a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted.").

Plaintiff's claim against J.D. Power for fraudulent misrepresentation (Count 3) must be dismissed because Plaintiff wholly fails to plead facts plausibly suggesting that (1) J.D. Power made a false material representation to Plaintiff; (2) that Plaintiff relied on any representation of

J.D. Power; or (3) that Plaintiff suffered any damage as a result of representations of J.D. Power on which Plaintiff relied.

### A. Plaintiff cannot make a claim against J.D. Power without identifying a misrepresentation and injury resulting from that misrepresentation.

Plaintiff's claims of alleged misrepresentation(s) are aimed at a single Defendant—Farmers, and the alleged misrepresentation(s) cannot logically be attributed to J.D. Power.[2] Plaintiff claims "the Defendant's" misrepresentations included: (1) proper investigation of Plaintiff's loss; (2) representation of adjustments to the valuation, (3) proper payment of the claim; and (4) compliance with policy terms.  (*See* Third Amended Complaint [Dkt. 39] ¶ 46.) J.D. Power has no contractual relationship with Plaintiff and no duty to Plaintiff to investigate or pay Plaintiff's claims, and Plaintiff has not pleaded otherwise.

Even assuming *arguendo* that Farmers (or Mitchell, or J.D. Power) made an alleged misrepresentation regarding the valuation of Plaintiff's vehicle, Plaintiff clearly did not rely on that representation.  Rather, Plaintiff filed this lawsuit to contest the valuation and also took advantage of his contractual right under the Farmers insurance policy to obtain an independent appraisal.  (Plaintiff's Response [Dkt. 36] at 9-10.)

Moreover, **fraud without damages or injury is not remediable**.  *Deskins v. Fidelity Nat. Bank of Okla. City*, 80 P.2d 265, 267 (Okla. 1938); *Bridges v. Bridges*, 544 P.2d 493, 494 (Okla. 1975).  As discussed above, Plaintiff admits: (1) that he and Farmers sought an appraisal (Plaintiff's Response [Dkt. 36] at 9-10), (2) that this appraisal is consistent with the NADA valuation that Plaintiff contends is "generally accepted" (Third Amended Complaint [Dkt. 39] ¶ 9), and (3) that the appraisal "is fully consistent with . . . Plaintiff's allegations of value in the

---

[2] In Count Three, although Plaintiff names Farmers Insurance and J.D.P. and M, Plaintiff uses "Defendant" and "Defendant's" throughout Count Three.

Complaint." (Plaintiff's Response [Dkt. 36] at 9-10).  Thus, Plaintiff has established that he **did not** rely on the Mitchell Report to his detriment and has not been damaged by any conduct of J.D. Power.

Plaintiff's claim is factually deficient because J.D. Power made no false representation to Plaintiff, Plaintiff did not rely on any false representation to his detriment, and Plaintiff has not been damaged.  Plaintiff fails to state a claim for fraud against J.D. Power.

### B.  Plaintiff failed to plead with particularity.

Plaintiff does not set forth the time, place and contents of the false representation, nor does Plaintiff identify the specific employee, agent, or representative of J.D. Power who allegedly made a false material representation to Plaintiff.  *Koch*, 203 F.3d at 1236 (requiring "a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.").  Instead, like his other claims, Plaintiff only makes conclusory allegations of a fraudulent misrepresentation. (*See* Third Amended Complaint [Dkt. 39] at ¶¶ 45-47.)  These conclusory allegations fail to satisfy the particularity requirement of Rule 9(b) and fall far short of alleging a set of facts that plausibly suggests J.D. Power defrauded Plaintiff.  *Twombly*, 550 U.S. at 557.

### III.   Plaintiff fails to state a plausible claim for tortious interference against J.D. Power.

In Count 6, Plaintiff claims J.D. Power tortiously interfered with Plaintiff's insurance contract with Farmers resulting in Farmers breaching the contract.  To state a claim for tortious interference with an existing contract under Oklahoma law, a plaintiff must allege: (1) the plaintiff had a business or contractual right with which the defendant interfered; (2) the interference was malicious and wrongful and was not justified, privileged, or excusable; and (3) the plaintiff incurred damages proximately caused by the wrongful interference.  *Wilspec Tech.,*

*Inc. v. Dunan Holding Group Co., Ltd.,* 204 P.3d 69, 74 (Okla. 2009).

Plaintiff may not rely on "speculation, allegations, or suspicions" to show tortious interference. *See Nat'l Motosport Ass'n, LLC v. ABC Race Ass'n, Inc.*, No. CIV-12-113, 2013 WL 268987, *7 (W.D. Okla. Jan. 24, 2013).   Plaintiff must show facts demonstrating defendant's actions were "taken maliciously and/or with an improper or unlawful purpose" rather than "consistent with a lawful purpose" or "anything other than legitimate business activity." *See id.* *6-7; *see also Tuffy's Inc. v. City of Okla. City*, 212 P.3d 1158, 1165 (Okla. 2009) (requiring a showing of "bad faith").   Tortious interference "can **only** arise when one who is not a party to a contract interferes with that contract by **convincing** one of the contracting parties to breach its terms."   *Ray v. Am. Nat'l Bank & Trust Co.*, 894 P.2d 1056, 1060 (Okla. 1994) (emphasis added).   "If there is no component of unlawfulness in either the objective of the agreement or in the means by which the purpose or objective is to be accomplished, there can be no actionable tort of interference." *Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 140-50 (Okla. 1998).

Plaintiff fails to plead facts plausibly suggesting J.D. Power intended to interfere with Plaintiff's contract with Farmers.   In fact, Plaintiff does not show facts suggesting J.D. Power was **even aware** of Plaintiff's contract with Farmers.   It is axiomatic that one cannot maliciously interfere with a contract which existence is unknown.   Further, Plaintiff's sole allegation that J.D. Power "intended to induce Farmers Insurance to breach its policy with the Plaintiff" is a mere conclusion that is not entitled to the assumption of truth.   Plaintiff provides no facts suggesting J.D. Power engaged in any malicious or wrongful behavior or any non-conclusory facts to show that J.D. Power even had a contact with Farmers.   Plaintiff only provides the conclusory

statement that J.D. Power "prepared a fraudulent valuation." (Third Amended Complaint [Dkt. 39] ¶¶ 63, 64.)

Finally, as explained above, Plaintiff has failed to establish that he has suffered damages proximately caused by the actions of J.D. Power.  Plaintiff has incurred no damage, and thus, cannot maintain a cause of action against J.D. Power for tortious interference with an existing contract.  Plaintiff fails to plead plausible facts supporting essential elements of his claim for tortious interference.  Accordingly, Plaintiff's claim should be dismissed.

**IV.   Plaintiff fails to state a plausible claim for breach of contract against J.D. Power.**

Despite the absence of a contractual relationship between Plaintiff and J.D. Power, Plaintiff asserts a breach of contract claim against J.D. Power (Count 7).  To state a claim for breach of contract, Plaintiff must plead minimal factual allegations showing (1) the formation of a contract between Plaintiff and J.D. Power; (2) breach of the terms of the contract by J.D. Power; and (3) that Plaintiff suffered damages as a direct result of the breach.  *Digital Design Group, Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001); *see also* Oklahoma Uniform Jury Instructions - Civil (3rd Ed.), Instruction No 23.1.  Plaintiff does not contend he formed a contract with J.D. Power.  Instead, Plaintiff's breach of contract claim relies entirely on this Court granting third-party beneficiary status to Plaintiff as to a contract supposedly entered into between Farmers and "J.D.P. and M."

Even if a contract existed, Plaintiff would not be entitled to enforce it unless it was made expressly for his benefit.  15 O.S. § 29 ("A contract, **made expressly for the benefit of a third person**, may be enforced by him at any time before the parties thereto rescind it." (emphasis added)); *Drummond v. Johnson*, 643 P.2d 634, 639 (Okla. 1982) (stating where a contract is made for the express benefit of a third party, the third party beneficiary may enforce the

contract).  "It is not necessary that the party be specifically named as a beneficiary but only that the contract be made expressly for the benefit of a third person and expressly simply means in an express manner; in direct or unmistakable terms; explicitly; definitely; directly."  *Keel v. Titan Constr. Corp.*, 639 P.2d 1228, 1231 (Okla. 1981) (internal quotations omitted).  "The primary issue in a case where the suing plaintiff claims third-party beneficiary status is whether the direct parties to the contract intended the third party to have such status." *Great Plains Fed. Sav. and Loan Ass'n*, 846 P.2d 1088, 1093 (Okla. 1993).

In determining whether third party beneficiary status exists, "[t]he intent of the parties to the contract is crucial, and the intent required in such situations is an intent that the promisor not only assume a direct obligation or duty to the promisee, but also assume a similar obligation or duty to the third party; knowledge that a third party may receive incidental benefits is not sufficient." *Briggs v. Okla. ex rel. Dept. of Human Servs.*, 472 F. Supp. 2d 1288, 1293 (W.D. Okla. 2007) (citing Restatement (Second) of Contracts § 302).  Accordingly, if Plaintiff is not an expressly intended beneficiary of the contract, then Plaintiff could not be the intended beneficiary of any obligations of J.D. Power to comply with the obligations of the contract.  To put it simply, "[t]he benefit cannot be enforced if it has to be implied from the terms of the contract or results incidentally from its performance."  *Oil Capital Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*, 628 P.2d 1176, 1179 (Okla. Civ. App. 1981) (emphasis added).

The bare, unsupported legal conclusion that Plaintiff is a third-party beneficiary is insufficient to state a claim because the terms of the contract must show "in an express manner; in direct or unmistakable terms; explicitly; definitely; directly" that Plaintiff is an intended third-party beneficiary.  *Keel*, 639 P.2d at 1231.  Without being a party or third-party beneficiary to the contract, Plaintiff cannot seek relief for the alleged breach.

Moreover, as with Plaintiff's other claims, Plaintiff's claim for breach of contract fails because Plaintiff has not been damaged.  (Plaintiff's Response [Dkt. 36] at 9-10 ("In any event, [the appraisal] is fully consistent with the NADA valuation and Plaintiff's allegations of the value in the Complaint.").)  Thus, Plaintiff's breach of contract claim against J.D. Power should be dismissed with prejudice.

**V.   Plaintiff fails to state a plausible claim for conspiracy against J.D. Power.**

Plaintiff alleges J.D. Power entered into a conspiracy with Farmers to violate the terms of Plaintiff's policy and defraud the Plaintiff by agreeing to undervalue and reduce claim payments for total losses.  However, despite a lengthy and seemingly detailed Third Amended Complaint (which contains numerous reiterations of the same factually unsupported conclusory allegations), Plaintiff fails to state a plausible claim, or even the essential elements for conspiracy against J.D. Power.

**A.  Without an underlying offense, there is no civil conspiracy.**

The Eastern District of Oklahoma recognizes:

> Civil conspiracy itself does not create liability.  To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means.  A conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a civil conspiracy claim.

*Peterson v. Grisham*, No. CIV-07-317-RAW, 2008 WL 4363653 at *8 (E.D. Okla. Sept. 17, 2008); *see also Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997) ("Unlike its criminal counterpart, civil conspiracy itself does not create liability.").  A civil conspiracy claim merely "enlarges the pool of potential defendants from whom a plaintiff may recover for an underlying tort."  *Gaylord Entm't Co. v. Thompson*, 1998 OK 30, n. 85, 958 P.2d 128.  However, "[d]isconnected circumstances, any of which, or all of which, are just as consistent with lawful

purposes as with unlawful purposes, are insufficient to establish a conspiracy." *Peterson*, 2008 WL 4363653 at *8 (citing *Dill v. Rader*, 583 P.2d 496, 499 (Okla. 1978)).

To prove civil conspiracy under Oklahoma law, a plaintiff must establish (1) two or more persons were involved; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful act, overt acts; and (5) damages as the proximate result. *Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1268 (W.D. Okla. 2012).

As shown in Parts I, II, III, and IV, *supra*, Plaintiff has not pleaded, and importantly cannot sufficiently plead or prove a claim for any of Plaintiff's underlying tort claims because, among other things, Plaintiff has suffered no damage.  Because an underlying offense does not exist, J.D. Power cannot be liable for conspiracy, even if Plaintiff were permitted to amend his complaint (yet again).

> **B.   The allegations in Plaintiff's Third Amended Complaint that J.D. Power entered into a conspiracy are conclusory and unsupported by plausible factual allegations.**

Plaintiff alleges J.D. Power engaged in an "improper plan and scheme to undervalue the total loss claims of its insured, and to misrepresent, conceal and suppress the fact that it is underpaying the total loss claims of its insureds."   (Third Amended Complaint [Dkt. 39] Introduction.)  Despite Plaintiff's claims of an "improper plan and scheme," his Third Amended Complaint only alleges J.D. Power's participation in a conspiracy in the vaguest terms, making only conclusory allegations and often merely just reciting the elements of conspiracy without any factual support to suggest a plausible claim for relief.

Stating a claim for conspiracy "requires a complaint with enough factual matter to suggest an agreement." *Twombly*, 550 U.S. at 545; *see also S. Union Co. v. Sw. Gas Corp.*, 165

F. Supp. 2d 1010, 1020 (D. Ariz. 2001) (interpreting Oklahoma's civil conspiracy law as requiring plaintiff to "allege with sufficient factual particularity that defendants reached some explicit or tacit understanding or agreement").   In *Peterson*, this Court recognized *Twombly*'s applicability to civil conspiracy claims.   *Peterson*, 2008 WL 4363653, at *9.   The Court reiterated that "parallel conduct does not suggest conspiracy, and **a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality**." *Id.* (quoting *Twombly*, 550 U.S. at 557) (emphasis added); *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("[I]n *Twombly*, the Supreme Court found the plaintiffs' allegation of parallel conduct between two companies did not plausibly suggest a conspiracy in restraint of trade, because this behavior was as likely to have been the result of legal, unilateral action as the product of illicit collusion.").

Plaintiff only makes bare assertions of conspiracy against J.D. Power and does not provide any facts supporting the elements of a conspiracy claim.   These allegations are conclusory and mere recitation of the elements of their cause of action, and as such, fall far short of the line between possibility and plausibility of wrongful conduct.   *Twombly*, 550 U.S. at 557. Plaintiff's conspiracy claim is insufficient and must be dismissed.

CONCLUSION

For the reasons discussed above, J.D. Power respectfully requests the Court dismiss Plaintiff's claims against J.D. Power.

Respectfully submitted,

/s/ Gregory T. Metcalfe
Sidney G. Dunagan, OBA # 2524
Gregory T. Metcalfe, OBA # 19526
Paula M. Williams, OBA # 30772
**GABLEGOTWALS**
One Leadership Square, Suite 1500
211 North Robinson
Oklahoma City, OK  73102-7101
(405) 235-5500 | (405) 235-2875 (fax)
SDunagan@gablelaw.com
GMetcalfe@gablelaw.com
PWilliams@gablelaw.com

**Attorneys for Defendant**
**J.D. Power and Associates**

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Mark H. Colbert – colbertlawoffice@yahoo.com
Jonathan H. Waller - jwaller@waller-law.com
Ashley M. Bibb – abibb@trsvlaw.com
Neil D. Van Dalsem – nvandalsem@trsvlaw.com
Robert H. Taylor – rtaylor@trsvlaw.com
Kenneth T. Short – kshort@dsda.com
Michael S. Linscott - mlinscott@dsda.com

/s/ Gregory T. Metcalfe
Gregory T. Metcalfe